JENNINGS v. WOOD et al.

(Circuit Court of Appeals, Eighth Circuit. November 21, 1911.)

No. 3,409.

1. INDIANS (§ 16*)—LANDS—VALIDITY OF LEASE—APPROVAL BY SECRETARY OF INTERIOR.

Under Act July 1, 1902, c. 1375, § 72, 32 Stat. 726, which provides that leases of their allotments by Cherokee citizens for mineral purposes to be valid must be approved by the Secretary of the Interior, the approval of the Secretary does not validate a lease which was invalid because the lessor was a minor and not competent to make it, nor is a finding by him, if made, that the lessor was of age and competent, conclusive, but it may be shown that the fact was otherwise.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 45; Dec. Dig. § 16.*]

2. INDIANS (§ 16*)—LEASE OF LANDS BY MINOR—NECESSITY OF ORDER OF COURT.

Under Act April 26, 1906, c. 1876, § 20, 34 Stat. 145, which provides that allotments of minors of any of the Five Civilized Tribes of Indians may be leased under the order of the proper court, such authority is essential, and a lease made without it by a minor is not validated by the approval of the Secretary of the Interior.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 45; Dec. Dig. § 16.*]

Appeal from the Circuit Court of the United States for the Eastern District of Oklahoma.

Suit in equity by William C. Wood and Fred S. Rowe against Edward H. Jennings. Decree for complainants, and defendant appeals. Affirmed.

Robert J. Boone (George C. Butte, on the brief), for appellant.
William J. Gregg, for appellees.

Before SANBORN and HOOK, Circuit Judges, and W. H. MUNGER, District Judge.

HOOK, Circuit Judge. This is a suit by Wood and Rowe to cancel an oil and gas lease for 15 years to Jennings of certain lands in the state of Oklahoma, which, formerly belonging to the Cherokee Tribe of Indians, had been allotted and patented to the lessor who was an enrolled citizen of the tribe. The ground for cancellation is that when the lease was made the lessor was a minor incapable of contracting personally and that it was made without the participation of the gurdian of her estate or the order of any court of competent jurisdiction. It is alleged in the bill that upon becoming of age the lessor disaffirmed the lease, tendered to Jennings what she had of him with interest, and, the tender being refused, she afterwards conveyed to the complainants. Jennings presented a plea in bar in which he set forth that the lessor executed the lease as an adult, that it conformed to the rules and regulations prescribed by the Secretary of the Interior for leases of that character, that the Secretary required and was furnished evidence as to the age of the lessor, and,

after considering the same, found she was of age, and also that the terms of the lease were fair and reasonable, and then approved it. Otherwise there was no denial in the plea that in fact the lessor was a minor. The trial court held the plea insufficient, and Jennings standing thereon and the tender being kept good, it rendered a decree against him. Jennings appealed.

[1] It is contended that the approval of the lease by the Secretary of the Interior was the act of a tribunal exercising judicial power, and that as the approval necessarily involved the contractual capacity of the lessor his finding that she was of age is conclusive when attacked in this way. The statute pointed out as conferring jurisdiction upon the Secretary of the Interior is section 72 of the act of July 1, 1902, c. 1375, 32 Stat. 716. It authorizes Cherokee citizens to rent their allotments for certain limited periods for grazing and agricultural purposes, but provides that "leases for a period longer than one year for grazing purposes and for a period longer than five years for agricultural purposes, *and for mineral purposes,* may also be made with the approval of the Secretary of the Interior and not otherwise." Leases made in violation of the section are declared absolutely void and not susceptible of ratification nor of validation by estoppel.

The jurisdiction of the Secretary of the Interior is only that expressed in the acts of Congress. He was not constituted the general guardian of the estates of the Indians in the sense in which that term is usually employed. Power was not conferred upon him to originate and make leases of allotted lands. That was left to the Indians subject to his approval in specified cases. If an Indian did not desire to lease there was nothing for the Secretary to act upon; if he did, and the lease was for oil and gas, its validity depended on the approval of that official, but he was not one of the contracting parties. On the contrary, his connection with the transaction and his authority first arose after the minds of the contractors came together, and they must have been competent to make the contract submitted for approval. A disapproval was merely a veto. An approval which proceeds upon a consideration of the terms of the instrument offered and whether they are reasonably for the interests of the Indian was intended as an additional safeguard for his protection. It would not, however, reach back and supply or confirm all the essential, legal prerequisites of a valid contract. It was no more a conclusive determination that the lessor, though a minor, was an adult, than that he was sound mentally or that he belonged to the class or his land was of the character covered by the statute, if in fact those conditions were wanting. The instrument went to the Secretary of the Interior as a lease competently executed and he could act on that presumption. He might properly make preliminary inquiry for his further assurance and he doubtless would decline to approve if advised of fatal defects, but he was not required to investigate and decide judicially matters lying back of and not appearing upon the face of the instrument. If he did his decision would not be conclusive. In that particular there is some analogy to a case where a probate court, having jurisdiction of the estates of deceased persons, finds upon a showing that

a man is dead, grants letters of administration upon his estate and orders its sale, when in fact the man is alive. The inquiry and finding of death are not conclusive. If the man is alive, the proceedings are void. Scott v. McNeal, 154 U. S. 34, 14 Sup. Ct. 1108, 38 L. Ed. 896.

[2] There is another feature of the case. By section 20 of the act of April 26, 1906, c. 1876, 34 Stat. 137, which was in force when the lease was made, it was provided that "allotments of minors and incompetents may be rented or leased under the order of the proper court." There was a local court having jurisdiction of the estates of minors, but the lease was not made under its order nor did the guardian of the lessor's estate participate. It was held in Morrison v. Burnette, 83 C. C. A. 391, 154 Fed. 617, that leases of allotments of minors made with the approval of the local courts after April 26, 1906, when the above act took effect, were not subject to the approval or disapproval of the Secretary of the Interior.

The decree is affirmed.