OKLA OIL CO., Appellants, et al. v. BARTLETT, Appellee.

(Circuit Court of Appeals, Eighth Circuit. September 8, 1916.)

No. 4561.

1. INDIANS ⬡15(1)—LANDS—CONVEYANCE BY HEIRS OF DECEASED ALLOTTEE.
Under Act May 27, 1908, c. 199, § 9, 35 Stat. 315, which provides that "the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land, provided that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of the deceased allottee," and the Probate Code of Oklahoma, providing that "wills must be proven and letters testamentary or of administration granted (1) in the county of which the decedent was a resident at the time of his death, in whatever place he may have died," the county court of such county is the only one having authority to approve such a deed by a full-blood heir, and its approval by the county court of another county, in which no judicial proceeding for the settlement of the estate has been instituted, is a nullity, and the deed is void and subject to collateral attack.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 39; Dec. Dig. ⬡15(1).]

2. INDIANS ⬡15(1)—LANDS—CONVEYANCE BY HEIRS OF DECEASED ALLOTTEE.
The doctrine of estoppel cannot be invoked against the Indian grantor in such a deed, to validate the same, since both he and the property are under the control of the government, which has by the statute prescribed the only method by which a valid conveyance may be made.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 37; Dec. Dig. ⬡15(1).]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Suit in equity by H. U. Bartlett against the Okla Oil Company and others. Decree for complainant, and defendants appeal. Affirmed.

For opinion below, see 218 Fed. 380.

A. A. Davidson, of Tulsa, Okl. (R. S. Sherman and J. A. Veasey, both of Tulsa, Okl., on the brief), for appellants.

George S. Ramsey, of Muskogee, Okl. (Edgar A. De Meules and Malcolm E. Rosser, both of Muskogee, Okl., on the brief), for appellee.

Before ADAMS, Circuit Judge, and REED and ELLIOTT, District Judges.

ELLIOTT, District Judge.  This is an appeal from the rulings and decree of the United States District Court for the Eastern District of Oklahoma, in favor of appellee and against appellant, in an action by appellee against appellant, in which appellee, hereinafter referred to as plaintiff, claimed title to the premises therein described, under and by virtue of a certain deed executed to plaintiff, by Jack Gouge, Betty and Big Jack, dated May 13, 1912, which deed was approved by the county court of McIntosh county, Okl., on that date, and thereafter duly recorded.  Appellant, hereinafter referred to as defendant, claimed title to the same premises under and by virtue of a certain deed executed to defendant's grantor, by said Jack Gouge, on April 18, 1910, which deed was approved by the county court of Hughes county, Okl., on that date, and thereafter duly recorded.

The agreed statement of facts upon which the case was tried, in so far as they are material here, show: That Chunna Gouge was a citizen of the Creek Nation and enrolled by the Dawes Commission as a full-blood Creek Indian; enrollment duly approved.  That she died in McIntosh county, Okl., intestate and unmarried, about November 17, 1907, and at the time of her death was a resident and citizen of McIntosh county, Okl.  That she left no issue surviving her, but did leave, surviving her, her father, Jack Gouge, her mother, Lucinda, both of whom were citizens of the Creek Nation and enrolled as full-blood Creek Indians by said Commission, enrollment duly approved, which enrollment showed said deceased and her said father and mother to be full-blood Creek Indians.  That Lucinda, the mother, died January, 1908, in said McIntosh county, left no issue, but left her said husband, Jack Gouge, and her father and mother, Big Jack and Betty, who were also full-blood Creek Indians.  That no court having jurisdiction to appoint an administrator or executor of the estate of either of said deceased ever exercised any jurisdiction to appoint an administrator of the estate of either Chunna Gouge or Lucinda, and the estates of neither were ever administered or settled by administration proceedings in any court.  That the land in controversy in this action was set apart to Chunna Gouge, during her lifetime, as an allotment from the Creek Nation by the Commission to the Five Civilized Tribes, and after her death, during the month of March, 1909, patents confirming the title to said allotment were executed by the Principal Chief of the Creek Nation and approved by the Secretary of the Interior, naming therein Chunna Gouge as the grantee.  That on the 13th day of May, 1912, said Jack Gouge, father of Chunna Gouge, and husband of Lucinda, with Big Jack and Betty, who were the father and mother of Lucinda, for a valuable consideration, executed, acknowledged, and delivered to the plaintiff their certain warranty deed to the land in controversy, the same being the said allotment of said Chunna Gouge, which on that date was duly approved by the county court in and for McIntosh county, state of Oklahoma, under the authority of section 9 of the act of Congress of May 27, 1908 (35 Stat. 312), and plaintiff's deed

was filed in the office of the register of deeds of Creek county, where the land was situated, May 15, 1912. That the plaintiff was at the time the suit was commenced, and is now, in the possession of the premises in controversy. That on the 18th day of April, 1910, said Jack Gouge executed and delivered to Edwin R. Nix a warranty deed to the premises in controversy, which deed was approved by order of the county court in and for Hughes county, Okl. Said deed was executed for a valuable consideration, and the county court of Hughes county approved said deed on the verified petition of Jack Gouge, a copy of which is attached to the agreed statement of facts. That thereafter, June 20, 1911, Edwin R. Nix and wife duly deeded said premises to the defendant, Okla Oil Company, and the Okla Oil Company on April 26, 1913, executed and delivered to defendant Dixon Q. Brown a deed to said premises.

It is further admitted that the plaintiff acquired the deed of May 13, 1912, with actual notice that Jack Gouge had executed, on April 18, 1910, the deed to Edwin R. Nix, and with actual notice that the county court of Hughes county, Okl., had approved the said deed relied upon by the defendant. Copies of the two petitions for approval of the two deeds above referred to were submitted—the one for the approval of the deed under which plaintiff claims being to the county court of McIntosh county, signed by Jack Gouge, Big Jack, and Betty; the other petition to confirm the deed under which defendant claims being to the county court of Hughes county, Okl., and signed by Jack Gouge. On the petition second above named, the county court of Hughes county, Okl., on the 18th day of April, 1910, duly entered its order, in substance reciting the filing of the petition on that date, and that the court after a full investigation and examination, and after taking testimony of the petitioner and other witnesses, found that the premises in controversy were allotted to Chunna Gouge as her distributive share of the lands held in common by the Muskogee or Creek Tribe of Indians, being in the state of Oklahoma, describing them; that Chunna Gouge appeared on the roll as a full-blood Creek Indian, roll No. 478; that she died on the ——— day of January, 1908, intestate, in Hughes county, in the state of Oklahoma, and was a resident of the said county and state; that she left surviving her, as her sole and only heir at law, her father, Jack Gouge, a full-blood Creek Indian, and that he was of the age of 33 years; that he resided in that county and that Chunna Gouge resided and was domiciled in that county at the time of her death. Thereupon the court found that Jack Gouge executed and delivered to Edwin R. Nix the warranty deed above referred to, on the 18th day of April, 1910, conveying to Nix all of his title thereto, for a consideration of $200, and further found that said consideration was just and adequate, that the same had been fully paid, and that the deed should be approved. Thereupon it was therefore considered, ordered, adjudged, and decreed that said deed be and the same was thereby approved. On the petition first above named, the county court of McIntosh county, Okl., made its order confirming said deed, in substance and effect as above recited

with reference to the confirmation of the deed by defendant's grantor by the county judge of Hughes county, except that the court found that Chunna Gouge, deceased, at the time of her death, resided in McIntosh county, Okl. (*which is now conceded to be the fact*), and the court further found in the latter that the plaintiff had paid to the petitioner the sum of $400, subject to the approval of the court, and the court found said consideration was the fair market value of said conveyance, and thereupon ordered, adjudged, and decreed that the conveyance be fully confirmed and approved.

Prior to the joining of issue, the plaintiff having set up the facts substantially as thereafter stipulated, the defendant moved the court to dismiss plaintiff's bill of complaint for the reason that the same did not state facts sufficient to constitute a cause of action in favor of plaintiff and against the defendant, and also filed an answer denying that the plaintiff was the legal and equitable owner in fee simple of said premises, pleading the facts substantially as above set forth, and averring that the defendant, by virtue of the conveyance under which it claimed, acquired the valid title to the lands in controversy, and also averred that prior to the 13th day of May, 1912, at which time the plaintiff acquired the conveyance relied upon by him, the plaintiff had constructive notice of the warranty deed executed by said Jack Gouge to defendant's grantor, and that said Jack Gouge, in the petition which he had filed, affirmatively alleged that said Chunna Gouge died a resident of Hughes county; that in said order said county court of Hughes county found as a fact that she did die a resident of said Hughes county, Okl.; that defendant paid a good and valuable consideration for the deed relied upon by him, and that said deed was taken in reliance upon the order of the county court for Hughes county, Okl., approving said deed. Defendant averred, further, that the plaintiff as the grantee of said Jack Gouge, and for the further reason that he acquired his said deed with full notice and knowledge of the matters above set forth, was estopped to dispute the title of the defendant, and prayed a dismissal of the complaint.

[1] Plaintiff claims title to the premises in controversy under deed dated May 13, 1912, executed by Jack Gouge, and others, approved by the county court of McIntosh county, which court, it is admitted, had "jurisdiction of the settlement of the estate of said deceased allottee," Chunna Gouge. Defendant claims title under a deed to his grantors executed by said Jack Gouge on April 18, 1910, approved by the county court of Hughes county, which court, it is now admitted, had no "jurisdiction of the settlement of the estate of said deceased allottee." It is further admitted by both plaintiff and defendant that only the estate inherited by Jack Gouge is claimed by the defendant herein, and that either of the two deeds to plaintiff and defendant, respectively, are sufficient to convey the entire interest of said Jack Gouge, if otherwise valid.

The first question presented is: Which of the two deeds given by Jack Gouge is valid, and therefore operated to transfer his title to the

premises in controversy? By the act of Congress approved May 27, 1908 (35 Stat. 312), it is provided:

"Sec. 9. That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee."

The first inquiry is as to what county court had "jurisdiction of the settlement of the estate of said deceased allottee," Chunna Gouge. There is no controversy upon that proposition. The Probate Code of Oklahoma provides:

"Wills must be proven and letters testamentary or of administration granted: (1) In the county of which the decedent was a resident at the time of his death, in whatever place he may have died. * * *"

It is admitted that decedent, Chunna Gouge, was not a resident, at the time of her death, of Hughes county, Okl., but was a resident of McIntosh county, Okl., and therefore, under such admitted facts, the county court of McIntosh county, Okl., had "jurisdiction of the settlement of the estate of said deceased allottee."

But it is contended by defendant that the order of the county court of Hughes county, Okl., approving the deed upon which he relies, is conclusive upon the question that Chunna Gouge died a resident of Hughes county, Okl., when such order of approval is sought to be avoided in a collateral proceeding. In support of this contention of the defendant, it is insisted that the approval of the deed of Jack Gouge, by the county court of the county of Hughes, was an act of a tribunal exercising judicial power, and as the approval was necessarily predicated upon a determination of the court's jurisdiction to act—that is, a determination that Chunna Gouge died a resident of Hughes county, Okl.—that such finding by said county court is conclusive when attacked in this way.

Counsel for both plaintiff and defendant have cited numerous decisions where courts have reviewed the acts of different tribunals and determined whether or not such acts were the exercise of judicial power. A review or analysis of these various decisions can serve no good purpose here. The jurisdiction of the county court of Hughes county was only that expressed in the act of Congress above quoted, and, while our attention is called to the fact that it has been held by the Supreme Court of Oklahoma, in re Mullen v. Short, 38 Okl. 333, 133 Pac. 230, that the county court of the county of which the deceased allottee of the Five Civilized Tribes was a resident at the time of his death is authorized by the above-quoted section of the act of Congress to approve conveyances of any interest of any full-blood Indian heir to lands inherited from such deceased allottee, whether a regular proceeding for the settlement of the estate of such decedent has been instituted or not, there is no intimation in this decision that a county court of any other county than that in which the decedent resided at the time of his death, has such jurisdiction.

The test of the jurisdiction of the county court of Hughes county is not right decision, but the right to enter upon the inquiry and make some decision. Only one county court in Oklahoma, under the provisions of this statute, had the right to discharge the duty imposed by this statute of the United States. There was no general jurisdiction of the estates of deceased allottees given to all county courts in the different counties of the state of Oklahoma, and therefore there was no power to deal with the question of jurisdiction, or to hear the particular facts in any case relating to the question of residence at the time of the death of the allottee, and to determine whether or not they were sufficient to invoke the exercise of that power. The determination by the Hughes county court of the question of its jurisdiction under this statute of the United States to perform the duty herein prescribed was not the determination of a court of general jurisdiction, vested with judicial power to determine all the issues in the proceeding, including the question of its own jurisdiction.

Doubtless Congress had the power to prescribe rules and regulations for the determination of this issue. No such provision is contained in the statute of the United States creating the authority. Congress, instead of such provision, did, however, condition the right and duty to approve such deed to the "court having jurisdiction of the settlement of the estate of said deceased allottee." This left the determination of that issue to the statutes of the state of Oklahoma. Such statute is as above quoted, and therefore "the court having jurisdiction of the settlement of the estate of said deceased allottee" was the only court given the right to approve such deed. The duty to approve the deed of this heir of said deceased allottee, by the terms of said act, vested in the county court of McIntosh county alone, because it was the county in which Chunna Gouge resided at the time of her death, and therefore by the terms of the statute of Oklahoma the county court of that county had jurisdiction to settle her estate.

If a regular proceeding for the settlement of the estate of Chunna Gouge, deceased, had been instituted in the county of Hughes, alleging the facts necessary to give that court jurisdiction under the provisions of the Oklahoma statute above referred to, and if that court had found such jurisdiction and proceeded with the administration, and if the approval of defendant's deed had followed such regular proceeding for the settlement of the estate, clearly it could not have been attacked collaterally. The determination of the conditions imposed by the act of Congress would then have been made in the manner provided by the statutes of Oklahoma by a county court having jurisdiction to make such determination, both by the laws and the provisions of the Constitution of said state. It is probably true that this authority to approve the deed of an heir of a deceased allottee vests in the county court having jurisdiction of the settlement of the estate of a deceased allottee, and that such authority is not necessarily dependent upon the institution of a regular proceeding for the settlement of the estate of the deceased allottee, because no such requirement is provided in the statute giving the authority.

We repeat, however, that it is our judgment that the authority and the right to act is conditioned upon the fact, whether determined in a proper proceeding or not, and therefore action by a county court other than the one having jurisdiction of the settlement of the estate of such deceased allottee is without authority. The county court, in approving the conveyance by the heirs of deceased allottees, under the statute of the United States above set forth, does not exercise judicial power conferred by the laws or Constitution of the state of Oklahoma, nor any federal judiciary power. Truskett et al. v. Closser, 198 Fed. 835, 117 C. C. A. 477.

The purpose of said act of Congress was to permit lands to be conveyed by full-blood Indian heirs of deceased allottees with the specific restriction that such conveyances were invalid, unless approved by the county court therein named, and was intended to prevent imprudent sales by this class of Indians. Marchie Tiger v. Western Investment Co., 221 U. S. 286, 31 Sup. Ct. 578, 55 L. Ed. 738. That part of section 9 of the act of Congress of May 27, 1908, c. 199, 35 Stat. 312, which provides "that no conveyance of any interest of any full-blood Indian heir in such lands shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee," does not require of said court the performance of any judicial function. Tiger v. Creek Co. Court, 45 Okl. 701, 146 Pac. 912; Jennings v. Wood et al., 192 Fed. 507, 112 C. C. A. 657. We therefore conclude that the deed by Jack Gouge to defendant's grantors, approved by the county court of Hughes county, Okl., which court, it is conceded, did not have jurisdiction of the settlement of the estate of Chunna Gouge, deceased, was invalid, and defendant has and can claim no interest in or to the premises in controversy by virtue thereof.

[2] The defendant, however, pleads and urges that Jack Gouge and his grantee, the plaintiff, are estopped from asserting that Chunna Gouge died a resident of a county other than Hughes county, in view of the representation as to the fact of allottee's residence, contained in the verified petition of Jack Gouge filed by him in the county court of Hughes county, the deed executed by Gouge thereunder, recorded prior to the date of his deed to the plaintiff, his acceptance and retention of the consideration for such deed, and the knowledge of his grantee, the plaintiff, of the fact that the county court of Hughes county had approved the deed of April 18, 1910. This contention cannot be sustained. The proceedings before the county court of Hughes county, Okl., were void and could not be cured by ratification or waiver. The deed approved by said county court, without jurisdiction, was a nullity, and such conveyance was void. There could be no purchaser in good faith under these proceedings. No laches can be imputed to Jack Gouge. He and his land were under the control of the government. Laughton v. Nadeau et al. (C. C.) 75 Fed. 789; Felix v. Patrick, 145 U. S. 317, 12 Sup. Ct. 862, 36 L. Ed. 719.

The United States statute prohibited the defendant or his grantor from taking title to the property in controversy without the approval of the county court having jurisdiction of the settlement of the estate-

of said deceased allottee, and defendant cannot indirectly build a title by estoppel or any statute of limitations. Sheldon v. Donahoe, 40 Kan. 346, 19 Pac. 901. Jack Gouge attempted to convey and defendant's grantor attempted to acquire the premises in controversy in violation of the provisions of the statute of the United States above set forth, in that there was no approval of the county court having jurisdiction of the settlement of the estate of the deceased allottee, and thereby acted contrary to the policy of the law, and in violation of said United States statute, and is not estopped to deny the validity of the deed, and defendant's grantor acquired no rights by estoppel or otherwise. Starr v. Long Jim, 227 U. S. 613, 33 Sup. Ct. 358, 57 L. Ed. 670; Franklin v. Lynch, 233 U. S. 269, 34 Sup. Ct. 505, 58 L. Ed. 954; Mouson v. Simonson, 231 U. S. 341, 34 Sup. Ct. 71, 58 L. Ed. 260.

The decree entered by the trial court herein, in favor of the plaintiff and against the defendant, quieting the title to the premises in controversy, is affirmed.