OLDHAM, Appellant, v. NELSON, Respondent.

(161 N. W. 814.)

(File No. 4010.   Opinion filed March 22, 1917.)

**Indians—Trust Patent Lands—Heirs' Conveyance, Approval Without Special Examination, Effect—Rescission—Complaint, Whether Demurrable.**

The fact that an examination and report to Commissioner of Indian affairs were not made by a special federal agent, concerning heirships in connection with alienation by Indian heirs of Indian trust patent lands, as a basis of approval of such conveyance by Secretary of the Interior, such patents containing a restriction against alienation for 25 years, does not amount to disproof of good title; and a deed by such heirs conveyed a good prima facie marketable title; and the burden of proof was on plaintiff, suing one claiming under such a deed, and seeking to rescind a contract of such sale and to recover back part of purchase money, to show that there were other heirs than such Indian grantors, before he could rescind; hence a demurrer to the complaint in such action, on the ground that the abstract disclosing the Indian heirship deed but failing to show such special examination, etc., was properly sustained. Following Tripp v. Sieler, 38 S. D. 321, 161 N. W. 337.

Appeal from Circuit Court, Lyman County. Hon. WILLIAM WILLIAMSON, Judge.

Action by Harold Oldham, against Olaf Nelson, to rescind a contract of sale of land and to cover back purchase money payment. From an order sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

*Doherty & Talbot,* for Appellant.

*Herman L. Bode,* for Respondent.

Appellant cited: Act of Cong. of March 2, 1889, 25 Statues at Large, 888 Chap 405; Porter v. Parker, (Neb.) 94 N. W. 123; Section 6, Act of Cong. of August 7, 1882, (22 Stat. 342 C. 434.); Act of Cong. of August 15, 1894, Ch. 290, 28 St. L. 286 as amended by Act of Feb. 6, 1901, (31 Stat. L., 760.); Civ. Code, Sec. 2347; Todd v. Union Dime Sav. Inst., 28 N. E. 504-506; 218 N. Y. 636; Kennedy v. Dannstadt, (N. D.) 154 N. W. 271.

Respondent cited: Act of Cong. of March 2, 1889, 25 Stat. at Large, 888, Chap. 405; Act of February 6th, 1901, 31 Stat. L. 760; Act of May 27, 1902, Section 7, 32 Stat. L. 275.

Respondent submitted that: The secretary of interior has inherent power to pass upon the question of interest of the heirs of a deceased allottee in the allottment; and cited: McKay v. Clayton, 204 U. S. 458, 51 L. Ed. 566; Egan v. McDonald, (S. D.) 153 N. W. 153; Act of Feb. 8, 1887, as amended by Act of May 8, 1906, ch. 2348, 34 Stat. L. 182, 11; Fed. Ann. Cases, page 204, Sec. 6; Act of Cong. June 25, 1910, ch. 431, 36 Stat. 855; Bond v. United States, Circuit Court, O. District Sept. 1910.

GATES, P. J. Plaintiff seeks to recover from defendant the first payment made by him under a contract for the purchase of certain inherited Indian lands in the Rosebud country. Recovery is sought upon the ground that the abstracts of title furnished under the contract do not show a marketable title. From an order sustaining a demurrer to the complaint, the plaintiff appeals.

The lands were held by two Indians under trust patents issued July 1, 1901, each containing the usual restriction against alienation for the period of 25 years. The Indians died. Deeds purporting to be made by their respective heirs were approved by the Secretary of the Interior November 12, 1908, and November 16, 1909, respectively. The precise point relied upon is that both deeds were approved prior to June 25, 1910, the date when the act of Congress (chapter 431, 36 Stat. at L. 855 [U.

S. Comp. St. 1913, § 4226]), took effect. It is claimed that, although since that date the Secretary of the Interior may have become vested with jurisdiction to determine heirship and descent as affecting allotted lands, the secretary had no such power prior to that date, and therefore that the abstracts of title do not show marketable title. This question was before us in the recent case of Tripp v. Sieler, 38 S. D. 321, 161 N. W. 337, where the approval of the deed by the Secretary of the Interior was likewise made prior to the act of Congress above mentioned, viz. on July 27, 1909. In that case we said:

"The action of the Secretary of the Interior in approving the conveyance from the heirs of the allottee to the appellant is based upon a report made to the Commissioner of Indian Affairs by a special United States Indian agent. In this report, said agent named the three parties who executed the deed to appellant as the sole heirs of the allottee, specifying the amount of the purchase money to which each one was entitled, and also stated: 'There is no dispute as to the lawful heirs.' While such recitals, nor the approval of the deed by the Interior Department, do not amount to an adjudication that the parties who executed the deed are the sole heirs of the allottee (Jennings v. Wood, 192 Fed. 507, 112 C. C. A. 657), the deed executed and approved under the above circumstances conveys good prima facie title and it was incumbent upon the respondent to show the existence of other heirs before he can defeat appellant's title on that account. A mere possibility that some defect, not appearing of record, may exist or may arise in the future, is not sufficient to cast a reasonable doubt on an apparently good title. Spencer v. Lyman, 27 S. D. 471, 131 N. W. 802."

While in the present case there is nothing to show that an examination and report were made to the Commissioner of Indian Affairs by a special United States agent, yet the principles therein announced govern this case. In the absence of any allegation in the complaint that there are other heirs, we are of the opinion that the trial court ruled correctly, and the order sustaining the demurrer to the complaint is affirmed.