## WALKER *et al.* v. BROWN.

No. 3671.   Opinion Filed June 16, 1914.

(141 Pac. 681.)

1.   **INDIANS—Powers of Congress—Allotment.** Congress has had at all times, and now has, the right to pass legislation in the interest of Indians as a dependent people; and this guardianship does not cease when the allotment is made and the allottee becomes a citizen of the United States.

2.   **SAME—Alienation of Land—"Prevented by Law."** The phrase, "prevented by law," as used in that part of section 8341, Rev. Laws 1910, which provides, "no person who is prevented by law from alienating, conveying or incumbering real property while living shall be allowed to bequeath same by will," means prevented by law of the state, and does not apply to Indians of the Five Civilized Tribes who are prevented by act of Congress from alienating, conveying, or incumbering real property while living, otherwise than by last will and testament.

(Syllabus by the Court.)

*Error from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

Action between Bettie Walker and others and Andrew J. Brown. From the judgment the parties first mentioned bring error. Affirmed.

*F. H. Reed* and *J. A. Baker,* for plaintiffs in error.

*Willmott & Dean,* for defendant in error.

KANE, C. J.   The land involved herein was the homestead allotment of Lizzie Bruner, deceased, a half-blood Seminole Indian. The only question of law involved is whether the will made by her prior to her death, whereby she attempted to dispose of said land to the defendant in error, Andrew J. Brown, was valid. It is conceded that by virtue of the Act of Congress approved May 26, 1906, which provides that "every person of lawful age and sound mind may by last will and testament devise and bequeath all his estate, real and personal, and all interest therein," under certain conditions, and the Act of Con-

gress approved May 27, 1908, this devise was perfectly valid, as far as any act of Congress was concerned. But it is contended by counsel for plaintiffs in error:

"On the 11th day of June, 1909, and prior to the execution of the will in said cause, there went into effect in the state of Oklahoma a new general act in relation to wills and testaments, which act provided that a testator should not devise away more than two-thirds of his estate from his wife or husband; and also provided that: '* * * No person who is prevented by law from alienating, conveying or incumbering real property while living shall be allowed to bequeath same by will. Sess. L. 1909, p. 641 (section 8341, Rev. L. 1910).' And, inasmuch as decedent was prevented by certain acts of Congress from alienating, conveying, or incumbering her real property while living, except by last will and testament, the instant case is governed by the state statute above quoted."

The theory upon which this contention is based is indicated by the following excerpt from the brief of counsel for plaintiffs in error:

"The testatrix in this case had no right of alienation by will which she could not be deprived of in common with all other citizens of the state of Oklahoma. The Congress simply turned her loose, gave her the right all others enjoyed, and she was to enjoy it only to the extent and under such regulations as the other citizens of the state of Oklahoma enjoyed it. If it was such a right that she could not be deprived of by the state of Oklahoma, then we must conclude that a citizen of the state of Oklahoma is not protected by its laws for the sole reason that that citizen is an Indian and therefore in the greatest need of that protection. The legislation by the state of Oklahoma was general, it covered all similarly situated, it simply provided that if for any reason a testator is not competent under the law to alienate his property while living he cannot alienate it by will. If this does not apply to an Indian, it brings about a very peculiar condition of affairs. Prior to the Act of 1909, *supra*, a male infant over eighteen years of age could not sell his real estate, but could dispose of it by will. Now he cannot dispose of it by will for the reason that he cannot sell it. The law is good, it performs a splendid mission, then why should its protection be denied to a citizen because he is a poor Indian in dire need of all the protection that can be thrown around him?"

The reason the state cannot legislate for an Indian of the Five Civilized Tribes is that Congress has reserved the right to legislate for him as a dependent people, and this guardianship does not cease when an allotment is made and the allottee becomes a citizen of the United States. As was said by Mr. Justice Day in *Marchie Tiger v. Western Investment Co.*, 221 U. S. 286, 31 Sup. Ct. 578, 55 L. Ed. 738:

"* * * Congress has had at all times, and now has, the right to pass legislation in the interest of the Indians as a dependent people; that there is nothing in citizenship incompatible with this guardianship over the Indian's lands inherited from allottees as shown in this case; that in the present case, when the act of 1906 was passed, the Congress had not released its control over the alienation of lands of full-blood Indians of the Creek Nation; that it was within the power of Congress to continue to restrict alienation by requiring, as to full-blood Indians, the consent of the Secretary of the Interior to a proposed alienation of lands, such as are involved in this case; that it rests with Congress to determine when its guardianship shall cease; and while it still continues it has the right to vary its restrictions upon alienation of Indian lands in the promotion of what it deems the best interest of the Indian."

This court has repeatedly held that acts of Congress supplant the laws of Oklahoma in relation to Indians; that certain state laws which are applicable to every other citizen are not in force as against or pertaining to the Indians of the Five Civilized Tribes, and that we have here, respecting some matters, two classes of citizens and two legislative sovereignties. *Jefferson v. Winkler,* 26 Okla. 653, 110 Pac. 755; *Kirkpatrick v. Burgess,* 29 Okla. 121, 116 Pac. 764; *Wilson v. Morton et al.,* 29 Okla. 745, 119 Pac. 213. The Congress, in the exercise of this power, has undertaken to legislate for the Indians along lines which it deems will subserve their best interests, and it is not within the province of the court to inquire whether it performs this duty well or ill. In the instant case, and others similar to it, the Congress has seen fit to permit the Indians to dispose of certain of their allotted lands by will, whilst it prohibits all other conveyances, alienations, or encumbrances.

It is obvious that, if the state law were given the construction contended for, it would have the effect of interfering with the policy of the ·Congress toward the Indians in the matter of the alienation of their allotted lands.  In our opinion, the Legislature of the state did not intend the act to have any such effect.  As counsel says: "The legislation  of the state of Oklahoma was general.  It covered all similarly situated."  In our opinion the language "prevented by law," as used in the proviso, means prevented by the law of the state.

We therefore conclude that the will of Lizzie Bruner was valid, and the judgment of the court below should be affirmed. It is so ordered.

All the Justices concur.