UNITED STATES v. ONE FORD AUTOMOBILE AND FOURTEEN
PACKAGES OF DISTILLED SPIRITS. ·

(District Court, N. D. New York. July 23, 1919.)

1. CRIMINAL LAW ⬤⟿1205—STATUTE CREATING NEW OFFENSE—PUNISHMENT.
When a statute creates a new offense and prescribes the punishment
therefor, only the punishment prescribed can be imposed.

2. INTOXICATING LIQUORS ⬤⟿242, 247—UNLAWFUL IMPORTATION—PUNISH-
MENT—FORFEITURE OF VEHICLE USED.
The provision of Act Aug. 10, 1917, § 15 (Comp. St. 1918, § 3115⅛l), mak-
ing it a criminal offense to import distilled spirits punishable by fine
or imprisonment or both, is not a customs law, but a prohibition law
enacted under the police power of Congress, and while the seizure and
forfeiture as contraband of spirits so imported, though not specifically
provided for, is essential to the effective enforcement of the law, the court
cannot impose as an additional punishment the forfeiture of the vehicle
used, under another statute.

Forfeiture Proceeding. Libel by the United States against One
Ford Automobile and Fourteen Packages of Distilled Spirits. Libel
sustained as to spirits, and dismissed as to automobile.

This is a proceeding in rem to condemn as forfeited to the United States
one Ford automobile and fourteen packages of distilled spirits. The claim-
ant, Robert Tourville, who owns the automobile and spirits, insists that hav-
ing pleaded guilty to an indictment charging the offense of having brought
the spirits into the United States illegally and in violation of the Food Con-
servation Act of August 10, 1917 (Comp. St. 1918, § 3115⅛l), and having paid
the fine imposed by the court, neither the automobile nor the automobile owned
and used by him in so bringing in such spirits can be condemned, as this
would be adding to the punishment prescribed by the statute itself and would
be the infliction of a double punishment for the single offense.

D. B. Lucey, U. S. Atty., of Ogdensburg, N. Y.
George J. Moore, of Malone, N. Y., for claimant.

RAY, District Judge. Robert Tourville is the owner of the auto-
mobile sought to be condemned in this proceeding. November 2,
1918, he, with others, took same and went from the county of Frank-
lin, Northern district of New York, into the Dominion of Canada,
and there procured the whisky and gin sought to be condemned in
this proceeding and, loading same into the Ford automobile, brought
it so loaded in the automobile into the said county of Franklin, N.
Y. They had no license or permit so to do, and by means of such
vehicle they brought such distilled spirits into the United States,
Northern district of New York, in violation of section 15, c. 53, Act
of Congress August 10, 1917 (40 Stat. 282; Comp. St. 1918, § 3115⅛
l), which provides:

"From and after thirty days from the date of the approval of this Act no
foods, fruits, food materials, or feeds shall be used in the production of dis-
tilled spirits for beverage purposes; provided, that under such rules, regu-
lations, and bonds as the President may prescribe, such materials may be
used in the production of distilled spirits exclusively for other than beverage
purposes, or for the fortification of pure sweet wines as defined by the act
entitled 'An act to increase the revenue, and for other purposes,' approved Sep-

tember eighth, nineteen hundred and sixteen. Nor shall there be imported into the United States any distilled spirits. * * * Any person who willfully violates the provisions of this section, or who shall use any foods, fruits, food materials, or feeds in the production of malt or vinous liquors, or who shall import any such liquors, without first obtaining a license so to do when a license is required under this section, or who shall violate any rule or regulation made under this section, shall be punished by a fine not exceeding $5,000, or by imprisonment for not more than two years, or both."

This act, denouncing the offense, imposes no other penalty or punishment than fine or imprisonment, or both, and makes no reference to any law or statute providing for the seizure or condemnation of either the spirits brought into the United States in violation of law, or of the vehicle or vehicles used in bringing them in.

Said automobile and such distilled spirits were seized by the United States officers while coming into the United States and have been held and detained since.

Soon thereafter on December 6, 1918, the said Robert Tourville was duly indicted in this court by the grand jury sitting at a term of court at Utica in the Northern district of New York, for the said specific offense of bringing into the United States such distilled spirits, and the indictment was duly returned into court, and the said Robert Tourville was duly arrested and brought into court and arraigned on said indictment and called upon to plead thereto, and he pleaded guilty to the charge and was thereupon fined under the provisions of such statute the sum of $50, which he paid, and was thereupon discharged. No imprisonment was imposed. Thereafter and February 19, 1919, the libel of information and seizure in this proceeding for the condemnation of such distilled spirits and said automobile was duly filed.

The claimant insists that the statute is fully satisfied; that the only penalty and punishment imposed by the statute, which is a new criminal statute, and creates a new offense, is fine, or imprisonment, or both, in the discretion of the court; and that, the court having imposed a fine which has been paid, to seize and condemn the distilled spirits, or the automobile, is adding a new and an additional punishment not warranted or authorized by the statute or by any law.

It is well settled that the Congress of the United States may determine by law what articles of commerce may be brought into the United States and what articles shall not be brought in.

Articles prohibited, if brought in, are brought in contrary to law and may be seized, forfeited to the United States, and disposed of if Congress so determines by law.

The one who brings in such prohibited articles, by law may be made subject to a civil suit or proceeding in which such articles may be seized, condemned, and forfeited, and the doing of such forbidden acts by statute may be made a crime, and the offender punished as prescribed by law. This punishment for the offense may consist in a fine or imprisonment or both, or in seizure and condemnation of the property unlawfully brought into the United States, or seizure and condemnation of the vehicles used by the wrongdoer in committing his offense, or in the imposition of a fine and imprisonment and the

seizure and condemnation of such property so illegally brought into the United States and also the seizure and condemnation of the instrumentalities used in committing the offense. In the absence of a constitutional restriction, the power to prescribe the punishment for the offense carries the power to name and define the punishment,. such as fine and imprisonment, or fine, imprisonment, and the forfeitures named, as Congress may determine.

[1] When a statute denounces a new crime and prescribes the penalty or punishment for the commission of such crime or offense, that punishment only can be imposed for the commission of the offense which the statute prescribes.

This does not interfere with the rule that the Legislature may provide both a civil remedy and a criminal punishment. People v. Stevens, 13 Wend. (N. Y.) 341. The Constitution provides that the property of the individual shall not be taken, except as a punishment for crime, without just compensation.

The statute in question which forbids the bringing into the United States of distilled spirits has specifically named and specified the penalty or punishment that may be imposed, viz., fine or imprisonment. or both. That statute makes no provision for the seizure demnation of either the goods unlawfully brought in or of the mentalities used by the offender in bringing in such goods. he

In the United States courts we have no common-law offer no forfeiture of goods except as a punishment for some the commission of some unlawful act.

"A clause of forfeiture in a law is a punishment inflicted for of some duty enjoined upon the party by law." 6 Encyclopedia Reports 379; Maryland v. Baltimore R. R. Co., 3 How. 534, 552,

"Where a statute creates a new offense and denounces the penalty, or gives a new right and declares the remedy, the punishment or the remedy can be only that which the statute prescribes." Bank v. Dearing, 91 U. S. 29, 35 (23 L. Ed. 96); Stafford v. Ingersol, 3 Hill (N. Y.) 38; McBroom v. Schottish, 163 U. S. 318, 325, 14 Sup. Ct. 852, 38 L. Ed. 729; Oates v. National Bank, 100 U. S. 239, 250, 25 L. Ed. 580; Barnet v. National Bank, 98 U. S. 555, 558, 25 L. Ed. 212; De Wolf v. Johnson, 10 Wheat. 367, 390, 6 L. Ed. 343; 10 Cyc. U. S. Sup. Ct. Rep. 1093.

"Whenever a statute creates an offense and expressly provides a punishment, the statutory provision must be followed strictly and exactly and only the statutory penalty can be imposed." 1 Wharton's Criminal Law (11th Ed.) 45, § 31, and cases cited.

In 1 McClain on Criminal Law, § 8, p. 10, it is said:

"A statute giving a civil remedy for an act already criminal does not take away the right to proceed by indictment unless expressly so provided. The fact that a statute provides a civil punishment for an offense does not prevent its also being punishable criminally. The punishment may be cumulative. The intention of the Legislature is to be considered. If the act prohibited has been previously an indictable offense, it will be presumed that the civil penalty therefor is cumulative; but, when the act creates a new offense and makes that unlawful which was lawful before and prescribes a particular penalty and mode of procedure, that penalty alone can be enforced."

In People v. Stevens, 13 Wend. 341, 342, the court expressly held:

"Where a statute creates a new offense, by making that unlawful which was lawful before, and prescribes a particular penalty and mode of proceeding, that penalty alone can be enforced."

[2] In the instant case a prior statute provides that, when goods or merchandise are brought into the United States in violation of or contrary to law, not only the goods so brought in, but the vehicles used in bringing them in shall be condemned and forfeited.

With that law on the statute book, if the act of August 10, 1917, had simply forbidden, as it did, the bringing in into the United States of distilled spirits, without making it a criminal offense to bring them in and denouncing the penalty, fine, or imprisonment, or both, for so doing, it cannot be doubted that if claimant had brought in these spirits in his automobile both spirits and automobile would be subject to seizure and condemnation as forfeited to the United States under and by virtue of the provisions of the statute referred to. But Congress did not simply prohibit the bringing in of distilled spirits. It proceeded to make the bringing in a crime and to denounce the penalty and punishment for so doing.

Prior to the said act of August 10, 1917, the mere act of bringing into the United States distilled spirits was not a crime. There were certain requirements as to bringing in such spirits, but nothing like the act in question. Therefore we have a new law creating a new offense and prescribing a new and a particular punishment for its violation and a procedure to enforce it which must be by indictment. This statute is complete in itself and makes no reference to any other penalty or statute or to any forfeiture of the instrumentalities used in bringing in such article, the importation of which is absolutely prohibited. If then the forfeiture of instrumentalities used in or in connection with the commission of a crime is "a punishment inflicted for a violation of some duty enjoined upon the party by law" and the right to forfeit must be created and given by some statute, it is difficult to see why the seizure and condemnation of this property of the offender used as an instrumentality in the commission of the crime would not be a punishment for the commission of such offense. If this be so, then to seize and condemn this automobile of the claimant is adding to the penalty and punishment prescribed by the statute itself which creates the offense as the punishment for the violation and which punishment fixed by this new statute in this case has already been imposed and satisfied. If this be so, then the seizure and condemnation under and by virtue of a prior statute cannot be justified. To do this would be to impose a double punishment for the commission of the one offense, one punishment under the statute creating the offense and another punishment under a prior statute which covers the use of such instrumentalities in bringing in merchandise in violation of law, but which has nothing to do especially with the bringing into the United States of distilled spirits in violation of the act of August 10, 1917.

Is the seizure and forfeiture a civil remedy merely to which may be added a criminal punishment? The mere act of bringing distilled spirits into the United States from the Dominion of Canada was not a crime prior to the act of August 10, 1917, and the act done by this claimant for which he was indicted, as stated, prior to that time, would not have justified the seizure and condemnation of the auto-

mobile as forfeited to the United States, unless such distilled spirits, prior to August, 10, 1917, were subject to duty if brought in and the bringing them in without payment of duty would have been a bringing in in violation of law which subjected not only the goods or merchandise brought in but the instrumentalities used subject to seizure and condemnation as forfeited to the United States, or, if not subject to duty, the bringing them in without coming through the customs house would have been a bringing in contrary to law which would have subjected both the spirits and the automobile to seizure and forfeiture to the United States.

After August 10, 1917, such distilled spirits could not be brought in at all as the importation in any way was absolutely prohibited. Therefore they were not subject to duty, and the violation of law in bringing into the United States the distilled spirits in question consisted, not in bringing them in "without payment of duty" or through the customs house, but solely in bringing them in. The spirits could not be seized and condemned because brought in "without payment of duty," because no duty is imposed or because not brought in through the customs house, as they could not be brought in that way, and hence there has been no bringing in of these distilled spirits in violation of a law for which the spirits could have been seized and condemned.

After August 10, 1917, there was no law permitting these distilled spirits to be brought in under any circumstances or conditions. They were brought in in violation of the act of August 10, 1917, and not in violation of any other act of Congress, and that act defines the consequences of the violation.

In directing the disposition of proceeds of sales of liquors seized, condemned, and sold under this statute, the Department of Justice has held that the statute of August 10, 1917, is not a "customs law," but one enacted under the "police powers of the United States," and "is a prohibitory law and not a customs law." The statement of the Department of Justice is:

"It is the view of the department that the prohibition in said act (act of August 10, 1917), was enacted by virtue of the police powers of the United States and is a prohibitory law and not a customs law. This view is supported by the ruling in the case of the United States v. Caminata (D. C.) 194 Fed. 903, and the opinion of the Attorney General in volume 29, Op. A. G. 604, holding that a violation of the law prohibiting the importation of smoking opium is not a violation of the customs law."

Adopting this view, which is the correct one, in my judgment, no penal provision of the customs laws can be applied in this case.

The vehicles used by the offender against this statute are not, of themselves, unlawfully in the United States, or subject to seizure, condemnation and sale. They were used in the commission of a crime against the United States and to aid in the commission of such offense. The property itself and not the owner is proceeded against, but if seized, condemned as forfeited to the United States and sold, the owner is deprived of his property and of his ownership in such automobile for the sole reason he used it as an instrumentality in the commission of a crime. The automobile did nothing of its

own volition. It cannot be compared to the case of a vicious bull, or dog, or other animal or to the case of a nuisance. It cannot be doubted, I think, that the state in one statute may provide by law for the seizure, condemnation, and killing of every ferocious or dangerous animal apprehended at large and doing damage, or for the suppression of a nuisance, and in another statute may make it a crime for the owner to harbor such an animal and allow it to go at large and denounce a punishment by fine or imprisonment of by, both for so doing. If the owner of such animal offends, he may be apprehended, convicted, and fined or imprisoned. ' This would not bar the seizure, condemnation, and killing of the ferocious animal under the other statute, even though it deprives the owner of such animal of his property. I do not think this would be regarded as the imposition of a double or added punishment. The animal is killed or the nuisance suppressed because obnoxious to the law and prejudicial to the general welfare. But an automobile or other vehicle is only operated by the owner or by his authority and is of itself harmless and of considerable value. It is not dangerous to the public or a nuisance. The opium act of 1909 (act of February 9, 1909, c. 100, 35 Stat. 614 [Comp. St. §§ 8800, 8801]), above referred to, not only made it a crime to bring smoking opium into the United States, but denounced the penalty of fine or imprisonment and also in terms provided for the forfeiture of the opium. The seizure and disposition of the opium in the one case and of the distilled spirits in the other is necessary to the effective operation and enforcement of the law, but the forfeiture of the vehicle used, automobile in this case, is not. The seizure and condemnation and disposition of the opium in the one case and of the distilled spirits in the other are not acts done by way of punishment for the commission of the offense of bringing them into the United States contrary to law, but to prevent such obnoxious and forbidden articles going at large or into use in the United States. This cannot be said of the automobile used to transport the prohibited merchandise.

In the exercise of its police power, the general government has declared that distilled spirits shall not be brought into the United States. It is true that the prohibitory act unlike the opium act does not itself state what shall be done with such spirits if brought in, but the old statute then and still in force does. This provision is separable from the part providing for the seizure and forfeiture of the vehicles used in bringing in such articles in defiance of law. The one provision is applicable here, the other not. Logically we well may inquire why Congress specifically provided in the opium act for its seizure and condemnation when brought into the United States in defiance of law if it was thought the old statute authorized the seizure, etc., of such goods when so brought in.

I am of the opinion and hold that the seizure, condemnation, and disposition of distilled spirits brought into the United States in violation of the act of August 10, 1917, is not illegal or adding to the punishment prescribed by the statute itself, but that the seizure, condemnation, or forfeiture of the vehicle or instrumentalities used by

the offender in so unlawfully bringing in such prohibited article would be.

I am constrained to hold that there must be a decree in this case sustaining the libel as to the distilled spirits and condemning and forfeiting same to the United States, but dismissing the libel as to the automobile used in bringing such spirits into the United States and directing its restoration to the owner.

I think the act of August 10, 1917, would be made more effective should it be amended so as to provide specifically for the seizure, condemnation, and destruction of spirits brought into the United States in violation of its provisions, and also for the seizure, condemnation, and forfeiture to the United States of all instrumentalities used by the offender in bringing the spirits into the United States.