## MOLONE et al. v. WAMSLEY.

No. 9879—Opinion Filed Jan. 25, 1921.

(Syllabus by the Court.)

1. **Indians—Alienation of Lands—Exclusive Power of Congress to Regulate.**

The Enabling Act under which the state of Oklahoma was admitted into the Union provides, "that nothing contained in said Constitution shall be construed to limit or impair the rights of persons or property pertaining to the Indians of said territory (so long as such right shall remain unextinguished) or to limit or affect the authority of the government of the United States to make any law or regulation respecting such Indians, their lands, property or other rights by treaties, agreement, law or otherwise, which it would have been competent to make if this act had never been passed." The Constitutional Convention by resolution accepting the Enabling Act provided, "that said Constitutional Convention do, by this ordinance irrevocable, accept the terms and conditions of an act of the Congress of the United States, entitled 'An Act to enable the people of Oklahoma and the Indian territory to form a Constitution and state government and be admitted into the Union on an equal footing with the original states.'" Under these provisions of the Enabling Act and of the said resolution accepting the terms of same the right and power to regulate and control the sale of Indian lands in the state of Oklahoma remain vested exclusively with the Congress.

2. **Indians—Approval of Conveyances by County Court—Ministerial Act.**

Section 9 of the act of Congress of May 27, 1908, provides, "that the death of any allottee of the Five Civilized Tribes operates to remove all restrictions from the alienation upon said allottee's land; provided, that no conveyance of any interest of any full-blood Indian heirs in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee." This provision constitutes the county court, having jurisdiction of the estate of a deceased Indian allottee, a federal agent, vested with the power to approve conveyances of the interest of full-blood heirs in such inherited lands, and the act of the county court in approving the conveyance of such full-blood Indian is a ministerial and not a judicial act.

3. **Same—Procedure for Approval—Power of State Legislature.**

Chapter 198, Session Laws of 1915, sec. 2, provides: "All petitions for the approval of deeds to lands inherited by full-blood Indian heirs shall be verified by one or more of the grantors, and shall contain the following information," etc. Held, that the state legislature has no power to enact a statute that affects the validity of conveyances by full-blood Indian heirs. This right and power

being vested exclusively in the Congress, the above quoted act of the Legislature is directory and not mandatory, and the failure of the approving federal agency to comply with the terms of same or to require the vendor or vendee in such conveyance to comply with same does not invalidate such conveyance.

Error from District Court, Tulsa County; Conn Linn, Judge.

Action by Billy Molone and others against D. D. Wamsley to quiet title. Judgment for defendant, and plaintiffs bring error. Affirmed.

J. S. Severson, for plaintiffs in error.

Biddison & Campbell, for defendant in error.

KENNAMER, J. Billy Molone, B. B. Haikey, and B. B. Haikey, guardian of Sessie Haikey, a minor, filed this action in the district court of Tulsa county, on the 30th day of August, 1916, praying the judgment of the court decreeing them to be the paternal heirs of Josephine Coachman, deceased, and decreeing them to be the owners of the undivided one-half interest in the lands described in the petition, and for joint possession with the defendant, D. D. Wamsley, herein. The defendant, D. D. Wamsley, filed answer and cross-petition, pleading conveyances executed by the plaintiffs herein, conveying the lands in controversy to him, said coveyances having been approved by the county court of Tulsa county, the court having jurisdiction of the settlement of the estate of Josephine Coachman, deceased, allottee. It is admitted by all the parties to this controversy that Josephine Coachman was a full-blood Creek Indian, and that the heirs of the said Josephine Coachman are full-blood Creek Indians, all enrolled as such; that the county court of Tulsa county had jurisdiction of the settlement of the estate of Josephine Coachman.

The only question presented to this court for decision is whether or not the county court of Tulsa county was bound to observe the provision of the act of the Legislature approved April 2, 1915, in approving the conveyances of the defendant herein, it being contended by the plaintiffs in error that the failure of the grantors to sign the petition for the approval of the deeds executed to the defendant as provided in section 1, ch. 198, Session Laws of 1915, invalidates the said deeds.

Section 1 of the Enabling Act under which Oklahoma was admitted into the Union (34 Stat. L. 267) provides "that nothing contained in the state Constitution shall be construed to limit or impair the rights of persons or property pertaining to the Indians

of said territories (so long as such rights shall remain unextinguished) or to limit or affect the authority of the government of the United States to make any law or regulation respecting such Indians, their lands, property or other rights by treaties, agreement, law or otherwise, which it would have been competent to make if this act had never been passed." The Constitutional Convention of Oklahoma by a proper resolution irrevocable accepted the terms of the Enabling Act, and it is apparent under the provisions of the Enabling Act Congress specifically reserved the right to exclusively legislate with respect to the Indian Tribes located in the state of Oklahoma, and regulate the sale of their allotted lands. In determining the power of members of the Five Civilized Tribes to alienate their lands, we must look only to the laws of Congress.

In the case of Walker v. Brown, Mr. Justice Kane, speaking for this court, said:

"The reason the state cannot legislate for an Indian of the Five Civilized Tribes is that Congress has reserved the right to legislate for him as a dependent people." 43 Okla. 144, 141 Pac. 680.

In the case of Collins Inv. Co. et al. v. Beard, wherein a construction of sections 884 and 885, Revised Laws of 1910, was involved, which sections, when considered together, provide that a minor of 18 years of age has a limited right to contract relative to his lands subject to his disaffirmance upon becoming of age by restoring the consideration, this court, in the opinion delivered by Commissioner Brewer, says:

"The statutes above referred to need no analysis, or even a construction here for the reason that when the question of the removal of the restrictions of allotted lands, or the right of alienation of such lands, or the power of alienation is involved, we must look to the acts of Congress, and to those acts and laws alone. In other words, if a state law, by its language or through its proper construction or its operation would permit the alienation of a restricted Indian allotment, or render a deed thereto effective, where the land would not be alienable or the deed thereto effective under the acts of Congress dealing with the subject-matter, then the state laws fail; and this, because the federal government retained jurisdiction in these Indian matters to the extent stated in the Enabling Act, under the terms of which Oklahoma became a state; and this reservation of jurisdiction was assented to in the Constitution which the people adopted," 46 Okla. 310, 148 Pac. 846.

In the case of Smith v. Williams et al., Mr. Justice Harrison, delivering the opinion of this court, held:

"From the beginning it has been the settled policy of this court and also the federal courts, in determining the validity of deeds to restricted Indian lands, to look to the acts of Congress alone." 78 Okla. 297.

Walker v. Brown, 43 Okla. 144, 141 Pac. 681; Jefferson v. Winkler, 26 Okla. 653, 110 Pac. 755; Murrow Indian Orphans Home v. McClendon, 64 Okla. 205, 166 Pac. 1101; Ex parte Webb, 225 U. S. 663; Williams v. Johnson, 239 U. S. 414; Brader v. James, 246 U. S. 88; Truskett v. Closser, 198 Fed. 635; Barbre v. Hood, 228 Fed. 658.

In passing upon the right of Indians to alienate their lands the Supreme Court of Kansas, in the case of Ingraham v. Ward, says:

"The treaty leaves the matter of restrictions upon alienation of these lands with Congress, and Congress, in turn, has left it wholly with the Secretary of the Interior. Neither the treaty nor the act of Congress expressly provides any conditions or limitations, restrictions or guards, and hence the matter of consent and approval rested in the discretion and power of the secretary. He could modify his own rules, or dispense with them entirely, as the circumstances of the case seemed to warrant; and when he acts and approves the transfer is complete, and the conveyance is valid." 44 Pac. 14.

The county courts of this state in approving conveyances by full-blood Indian heirs do not exercise any probate jurisdiction conferred upon them by the Constitution and the laws of the state of Oklahoma, but merely act as federal agents, and in approving the conveyances of Indian heirs perform only an ministerial act.

In the case of Oklahoma Oil Company v. Bartlett, the United States Circuit Court of Appeals for the Eighth Circuit, in affirming Judge Campbell's decision, said:

"That part of section 9 of the act of Congress of May 27, 1908, which provides, 'that no conveyance of any interest of any full-blood Indian heir in such lands shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee,' does not require of said court the performance of any judicial function." 236 Fed. 488, 149 C. C. A. 540.

In the case of Haddock et al. v. Johnson et al., decided by this court on December 14, 1920, and not yet officially reported, the court held that the failure of the county court to follow the procedure as provided in Rule Ten (10) of this court did not invalidate the conveyance of an Indian heir. It was also decided that the county courts in approving conveyances of full-blood Indian heirs did not exercise any judicial function. Tiger et al. v. Creek County Court,

45 Okla, 701, 140 Pac. 912; Hope v. Foley, 57 Okla. 518, 157 Pac. 728; Barnett v. Kunkel, 259 Fed. 399; Parker v. Richards, 250 U. S. 235.

It is now well settled in this jurisdiction that the county courts, in approving conveyances of full-blood Indian heirs, perform the duty of federal agents, and are controlled and regulated by the laws of the Congress, and in determining the validity of the acts of the county court in approving conveyances executed by Indian heirs we must look solely to the acts of Congress. Having arrived at the conclusion announced herein, it necessarily follows that the state Legislature has no power to enact a statute that affects the validity of conveyances by full-blood Indian heirs, this right and power being vested exclusively in the Congress of the United States. Statutes that usually provide for the proper, orderly, and prompt conduct of business are generally regarded as directory and not mandatory. 36 Cyc. 1158; Jones v. State of Kansas ex rel., 1 Kan. 259; The People v. Cook, 14 Barb. 259; People ex rel. Johnson v. Earl et al. (Colo.) 94 Pac. 294.

Obviously the Legislature, in providing for a procedure to be followed by the county courts of the state in performing their duties as federal agents, was desirous of promoting a uniform system of procedure for the county courts of the state to follow in acting upon the approval of conveyances executed by full-blood Indian heirs. The better practice on the part of the county courts in performing this function would be to observe the provisions of the act of the Legislature; but it is beyond the power of the Legislature to enact any law invalidating or affecting such conveyances which in all respects were made and approved in conformity with the acts of Congress.

The judgment herein is therefore affirmed.

HARRISON, C. J., and KANE, JOHNSON, and MILLER, JJ., concur.