## WHITE v. SALLEE et al.

No. 10718—Opinion Filed June 27, 1922.

(Syllabus.)

**1. Indians — Indian Lands—Conveyances —Minors—Statutory Construction.**

Section 7 of the act of Congress approved May 27, 1902 (32 Stats. at L. Sess. 1, ch. 888), provides "That the adult heirs of any deceased Indian to whom a trust or other patent containing restrictions upon alienation has been or shall be issued for lands allotted to him may sell and convey the lands inherited from such decedent, but in case of minor heirs their interest shall be sold only by a guardian duly appointed by the proper court upon the order of such court, made upon petition filed by the guardian, but all such conveyances shall be subject to the approval of the Secretary of the Interior, and when so approved shall convey a full title to the purchaser, the same as if a final patent without restriction upon the alienation had been issued to the allottee." Held, that said section provided the exclusive procedure for the conveyance of the interest of a restricted Pawnee Indian minor heir of a Pawnee allottee, and it was not necessary to the validity of a conveyance executed by the guardian of such heir under proper order of the probate court of Pawnee county, Okla., that such conveyance be made and executed in accordance with the probate laws of Oklahoma applicable to probate sales.

**2. Same—Action to Recover Land—Affirmance of Judgment.**

Record examined, and held, that the petition of the plaintiff alleged that the conveyances of the defendants had been executed as provided in said act, supra, and that the judgment of the trial court sustaining demurrers of defendants to the petition should be affirmed.

Error from District Court, Pawnee County; N. E. McNeill, Judge.

Action by Grant White, to recover an undivided one-half interest in 160 acres of land against W. S. Sallee et al. Defendants demurred to the petition of the plaintiff. Demurrers sustained. Plaintiff brings error. Affirmed.

L. V. Orton, for plaintiff in error.

McCollum & McCollum, for defendant in error W. S. Sallee.

Carroll & Mason and A. B. Honnold, for defendant in error Twin State Oil Company.

KENNAMER, J. Grant White, plaintiff, commenced this action in the district court of Pawnee county to recover from W. S. Sallee and Twin State Oil Company, defendants, an undivided one-half interest in 160 acres of land located in Pawnee county. On the 6th day of January, 1919, the district court sustained demurrers filed by the defendants to the petition filed by the plaintiff upon the ground that the petition did not state facts sufficient to constitute cause of action against defendants. This appeal is prosecuted by the plaintiff to reverse the judgment of the trial court sustaining the demurrers of the defendants.

The only question presented by this appeal is whether under section 7 of the act of Congress of May 27, 1902, 32 Stats. Sess. 1, ch, 888, the interest of a Pawnee Indian minor on June 13, 1910, must be conveyed under a regular probate sale in accordance with the probate laws in the state of Oklahoma in order to divest such Indian minor heir of title to inherited restricted Indian lands. Section 7 of said act reads as follows:

"That the adult heirs of any deceased Indian to whom a trust or other patent containing restrictions upon alienation has been or shall be issued for lands allotted to him may sell and convey the lands inherited from such decedent, but in case of minor heirs their interest shall be sold only by a guardian duly appointed by the proper court upon the order of such court, made upon petition filed by the guardian, but all such conveyances shall be subject to the approval of the Secretary of the Interior, and when so approved shall convey a full title to the purchaser, the same as if a final patent without restriction upon the alienation had been issued to the allottee. All allotted land so alienated by the heirs of an Indian allottee and all lands so patented to a white allottee shall thereupon be subject to taxation under the laws of the state or territory where the same is situate: Provided, that the sale herein provided for shall not apply to the homestead during the life of the father, mother, or the minority of any child or children."

The lands in controversy were allotted in 1893 by Charles White under the general allotment act of February 8, 1887 (24 Stats. at Large c. 119), as amended by the acts of February 28, 1891, and March 3, 1893. The lands were restricted and to be held in trust by the United States for a period

of 25 years. Charles White, the allottee, died intestate about the 23rd day of September, 1902, leaving as his only heirs his widow, Jennie White, and Grant White, his only child, the plaintiff in this action.

The petition filed by the plaintiff in the action alleged that H. E. Thompson, the legal guardian of Grant White, the plaintiff, filed a petition in the county court of Pawnee county, Okla., on May 10, 1910, praying for an order authorizing the guardian to sell the interest of Grant White in the lands allotted to Charles White, and that on June 13, 1910, the court made an order authorizing the guardian to sell the interest of the plaintiff in the lands in controversy. That thereafter the guardian executed a deed to W. S. Sallee, which deed was also executed by Jennie White. This deed was submitted to the Secretary of the Interior and by him approved on June 19, 1913. The deed was attached as Exhibit "D" to the plaintiff's petition.

It is the contention of the plaintiff that the sale proceedings in the probate court of Pawnee county are void for the reason the petition filed by the guardian did not confer jurisdiction upon the court to order the sale; that no additional bond was filed by the guardian, as was required by law, and that in many other respects the sale did not comply with the statutes of Oklahoma. The plaintiff does not contend that the sale in all respects did not comply with secton 7 of the act of Congress of May 27, 1902. Under the acts under which the lands were allotted the lands were restricted and the title acquired by the defendant, Sallee, in all respects was acquired in conformity to the applicable federal statutes. In this situation, the judgment of the trial court must be affirmed.

The record shows that the title of the defendant Sallee was acquired as provided by section 7 of the federal statutes, supra; then it was not necessary that the guardian proceed with a probate sale in accordance with probate laws of Oklahoma. It was only necessary for the guardian to obtain by order the authority of the proper court to join the adult heir in a conveyance of the lands. The county court in granting the authority of the guardian to join with the adult heir in the conveyance of the lands was acting under the authority of the federal law as found in section 7 of the act of May 27, 1902, supra, and while acting pursuant to federal authority was acting as a federal agency, and not as a probate court. Molone et al. v. Wamsley, 80 Okla. 181, 195 Pac. 484.

Under the act of Congress of May 27, 1902, supra, the Secretary of the Interior was vested with power to permit or to forbid the sale. The lands being restricted, the sale to be valid must comply with the applicable federal statutes, and in determining the validity of such sale, resort must be had to the acts of Congress alone. Smith v. Williams et al., 78 Okla. 297, 190 Pac. 555; Molone et al. v. Wamsley, supra.

The sale in question, having been made in conformity to the act of Congress of May 27, 1902, supra, was valid and it was not necessary to the validity of the conveyance that it be executed in accordance with the probate laws of the state of Oklahoma in order to divest the minor of title. U. S. v. Thurston County, Nebraska, et al., 74 C. C. A. 425.

In the case of Wilson v. Morton et al., 29 Okla. 745, 119 Pac. 213, this court, in construing the act of April 26, 1906 (34 U. S. Stats. at L. c. 1876, p. 145), containing a similar provision to the act under consideration, speaking through Mr. Justice Hayes, said:

"The power of the minor heir to sell is not made dependent upon whether he is a full-blood Indian or less than a full-blood, nor dependent upon his age, nor upon whether a sale of his land is necessary to his education and support, or to be made for the purpose of investment. His authority to sell by his guardian is made dependent upon the existence of an adult heir. * * *"

In the instant case the authority of the minor to sell was not dependent upon facts as required by the probate laws of Oklahoma, but was only dependent upon the existence of an adult heir, and upon this showing by petition being made to the proper court, which would be the court having authority to appoint a guardian, such court acting pursuant to the act of May 27, 1902, supra, as a federal agent, was authorized to make an order authorizing the guardian to sell such minor's interest in the land in controversy subject to the approval of the Secretary of the Interior. After the court, acting in the capacity of a federal agent, had authorized the guardian to make the sale and the guardian and the adult heir executed a conveyance, such a conveyance was presented to the Secretary of the Interior for approval; the power to permit the sale to be completed rested in the discretion of the Secretary of the Interior, and upon the approval of such conveyance by the Secretary of the Interior and the delivery of the conveyance to the

purchaser, the purchaser became vested with the title to the land under a valid conveyance executed in accordance with the federal statute.

Finding no reversible error in the record, the judgment of the trial court sustaining the demurrers to the petition is affirmed.

HARRISON. C. J., and JOHNSON, ELTING, and NICHOLSON, JJ., concur.