### HARRISON v. REED et al.

No. 14406—Opinion Filed Nov. 13, 1923.

Rehearing Denied Feb. 19, 1924.

#### Indians—Approval of Conveyances by Full-Blood Heirs—State Statute.

The state Legislature had no power to enact a statute which affected the validity of a conveyance by full-blood heirs on account of its approval by virtue of section 9, act of Congress approved May 27, 1908. Such statute in effect attempts to limit the power of a federal agency as to such approval and is therefore void.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Seminole County; John L. Coffman, Judge.

Action between Lydia Harrison and Eulahmae Reed and others. From the judgment, the former appeals. Affirmed.

D. Dale Wolfe and J. Read Moore, for plaintiff in error.

John W. Willmott and R. J. Roberts, for defendants in error.

Opinion by LYONS, C. Cindy Harrison, a duly enrolled citizen of the Seminole Nation of three-quarters Indian blood, died on August 11, 1918. On September 10, 1918, her heirs at law, some of whom were full-blood Indian citizens, made, executed, and delivered a conveyance of the interest inherited by them, and this conveyance was thereafter duly approved by the county court of Seminole county, under the provisions of the act of Congress of May 27, 1908.

The plaintiff in error contends that this conveyance was void because it was executed within 30 days from the date of the death of the decedent in violation of section

4, chapter 198, Session Laws of Oklahoma, 1915. This provision of law attempts to prohibit the county court from approving such conveyance, and makes it unlawful to record such conveyance and fixes penalties for the violation thereof.

The defendants in error contend that the conveyance and the approval thereof are regulated by the act of Congress of May 27, 1908, and that the state statute is void and unconstitutional and an attempted interference with a federal agency.

The question is no longer open in this jurisdiction. See Malone v. Wamsley, 80 Okla. 181, 195 Pac. 484; White v. Sallee, 86 Okla. 260, 208 Pac. 214; Armstrong v. Letty, 85 Okla. 205, 209 Pac. 168-175; Chisholm v. Indian Development Company, 273 Fed. 589, and Snell v. Canard, 95 Okla. 145, 218 Pac. 813.

These cases all announce the rule that the state legislature had no power to enact a statute which affected the validity of a conveyance of full-blood Indian heirs requiring approval by section 9, of Act of Congress approved May 27, 1908, for the reason that such state Legislature attempted to limit the power of such federal agency as to such approval.

The judgment of the lower court is correct, and must be affirmed.

By the Court: It is so ordered.