## TIGER *et al.* v. CREEK COUNTY COURT *et al.*

No. 6993. Opinion Filed February 23, 1915.

(146 Pac. 912.).

1. COURTS—Supreme Court—Certiorari—Jurisdiction to Issue. In this jurisdiction the Supreme Court, by virtue of section 2, art. 7, Williams' Const., is empowered to issue the common law writ of certiorari unaffected by any statute.

2. CERTIORARI—Scope of Remedy. Whilst certiorari is the appropriate remedy by which courts vested with superintending control ,and supervision over inferior tribunals established by statute review such proceedings or acts of the latter as are of a judicial nature for the purpose of determining whether they have kept within or exceeded the powers conferred upon them by law, the writ is never used for the purpose of reviewing proceedings and acts of a ministerial, administrative, or legislative nature, whether such acts be exercised by a court, officer, or other tribunal.

3. CERTIORARI—Scope of Review—Judicial Functions—Allotments—Approval of Conveyances. Neither that part of section 9 of the Act of Congress of May 27, 1908, c. 199, 35 Stat. 312, which provides "that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee," nor the rule promulgated by the Supreme

Court, providing a system of procedure for the government of said court in the matter of the approval of said conveyances, require of said court the performance of any judicial. function.

(Syllabus by the Court.)

Original action for writ of certiorari by Mollie Tiger and others against the County Court of Creek County and another. Writ denied.

*Nat Ligon* and *Frank L. Montgomery,* for petitioner.

*Geo. S. Ramsey* and *Edgar A. de Meules* and *Works & Copping,* for respondents.

*J. F. Lawrence, amicus curiae.*

KANE, C. J. This is an original application for a writ of certiorari. The petition states in effect that on a certain day a certain deed purporting to convey the inherited lands of a full-blood Creek Indian was presented to the county court of Creek county for approval, pursuant to section 9 of the Act of Congress of May 27, 1908; that said county court approved said deed; that said county court in approving said deed failed and refused to comply with a certain rule of the Supreme Court, promulgated pursuant to section 5347, Rev. Laws 1910, which provides a system of procedure for the government of county courts in the matter of the approval of the deeds of full-blood Indians executed for the purpose of conveying their inherited lands. Wherefore, petitioner prays:

"That a writ of certiorari issue out of this court directed to the county court of Creek county, Okla., demanding him to certify and return to this court all the records of said proceeding with all things pertaining thereto, including all evidence introduced or ₃ffered, all objections made, all orders made or entered, and all things in any wise pertaining thereto, to the end that said proceedings, judgment, or order may be reviewed by this court, and that all proceedings on account of said judgment be stayed until the hearing and determination of such writ."

The response of the defendants sets forth many grounds why, in their opinion, the writ should not issue; the second paragraph thereof being the only one which we deem necessary to notice. It reads as follows:

"That respondent in approving the deed executed by petitioners, Mollie Tiger and Babie Barnett, they being full-blood Creek Indian heirs, and enrolled as such, did not act judicially, and did not exercise any jurisdiction conferred by the Constitution and laws of Oklahoma, and that therefore this court has no jurisdiction."

The researches of counsel for the respective parties cover a wide range, and their able and interesting briefs and arguments invite us into that great border land where state and federal powers approach nearer and nearer until they emerge gradually into each other. However, as the court views the matter, the issue of law presented by the foregoing paragraph of the response is one of great simplicity, the consideration of which involves an inquiry only into a few of the elementary principles governing the granting of relief by certiorari.

Section 9 of the act of Congress above referred to provides:

"That the death of any allottee of the Five Civilized Tribes shall operate to remove all restrictions upon the alienation of said allottee's land: Provided, that no conveyance of any interest of any full-blood Indian heir in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of the said deceased allottee."

The theory of the petitioners is that the rule promulgated by the Supreme Court pertaining to the conduct of the county courts of this state in the matter of the approval of the deeds of full-blood Indians is jurisdictional, and that the approval of the deed by the county court was a nullity because the court in approving the same did not follow the procedure prescribed by the rule. In our opinion, neither the act of Congress nor the rule of court

require the county court to perform any judicial function.  The conveyance of a tract of land by one person to another is not a judicial act.  Ordinarily such transactions are consummated by the grantor and grantee without the intervention of a third person, except perhaps a notary public whose sole duty is to acknowledge or attest the signatures of the grantors, a purely ministerial act.  In the case of a conveyance of his inherited lands by a full-blood Indian, Congress, in addition to the ordinary preliminaries, deemed it necessary to have his deed approved by the county court.  This, however, does not change the nature of the transaction.  It is still nothing more nor less than a sale of land from one person to another requiring the exercise of business sense and judgment.  Congress in the exercise of its power to legislate for the full-blood Indians as a dependent people merely sought, as near as may be, to put the Indian upon an equality with his prospective grantee in the matter of business sense or acumen, to the end that he may ahve a square deal, or at least be in no greater danger of suffering pecuniary loss by getting the worse of the deal than is ordinarily incident to such a transaction between persons dealing with each other at arm's length.

Counsel for petitioner contend to the contrary, on the authority of *MaHarry v. Eatman,* 29 Okla. 46, 116 Pac. 935, and as conclusively establishing this premise quote from the opinion as follows:

"This approval, however, must be the act of the court as distinguished from the act of the judge of the court."

In the MaHarry Case the question whether the action of the county court in approving the deed of a full-blood Indian is judicial was not involved, and counsel assumes, we presume, that merely because the approval must be the act of the court, as distinguished from the act of the judge of the court, the act necessarily must be judicial.  This by no means follows.  In *Bartlett v. Oklahoma Oil Co.,* 218 Fed. 380, Equity No. 2012, wherein

this identical question was under consideration, Judge Campbell, of the federal District Court for the Eastern District of Oklahoma, in an opinion wherein the authorities were extensively reviewed, concludes:

"That the action of the court having jurisdiction of the settlement of the estate of the deceased allottee, in approving or disapproving conveyances by his full-blood heirs, is in no sense judicial."

We fully concur in the conclusion reached by Judge Campbell.

In this jurisdiction the Supreme Court, by virtue of section 2, art. 7, Williams' Constitution, is empowered to issue the common-law writ of certiorari unaffected by any statute. Whilst certiorari is the appropriate remedy by which courts vested with superintending control and supervision over inferior tribunals established by statute review such proceedings or acts of the latter as are of a judicial nature for the purpose of determining whether they have kept within or exceeded the powers conferred upon them by law, the writ is never used for the purpose of reviewing proceedings and acts of a ministerial, administrative, or legislative nature, whether such acts be exercised by a court, officer, or other. tribunal. 4 Enc. of Pl. & Pr. 11; section 1954, vol. 2, Spelling on Injunctions and Extraordinary Remedies; *Baker v. Newton*, 22 Okla. 658, 98 Pac. 931; *Montgomery v. State Election Board*, 27 Okla. 324, 111 Pac. 447.

For the reason stated, the writ is denied.

All the Justices concur.