## COCHRAN et al. v. BLANCK et al.

No. 5918.   Opinion Filed March 21, 1916.

(156 Pac. 324.)

1. **INDIANS—Land—Conveyances—Approval by County Court.** The action of a county court of this state in approving a deed conveying the interest of a full-blood Cherokee Indian to lands inherited by such Indian, required by section 9 of Act Cong. May 27, 1908, c. 199, 35 Stat. 312, is not judicial in its nature, nor the exercise of any judicial function.

2. **SAME.**  Certain full-blood heirs of a deceased Cherokee citizen executed conveyances of their interest in and to the lands of the deceased, which deeds were duly approved by the county court of Adair county, being the county court having jurisdiction of the settlement of the estate of the deceased allottee.  **Held**, that said deeds were valid.

(Syllabus by the Court.)

*Error from District Court, Nowata County;*
*T. L. Brown, Judge.*

Cochran et al. v. Blanck et al.

Action by Rufus Cochran and others against F. A. Blanck and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Thomas & Thomas, W. W. Hastings,* and *C. F. Bliss,* for plaintiffs in error.

*Tillotson & Elliott,* for defendants in error.

HARDY, J. George Cochran, a full-blood Cherokee Indian, died May 19, 1910, seised of certain lands, including the lands in controversy, leaving as his sole surviving heirs at law the plaintiffs in error, hereinafter called plaintiffs, full-blood Cherokee Indians, who bring ejectment for the lands involved and join in their petition under chapter 10, Session Laws 1911, p. 25, a count for the purpose of determining the adverse estate or interest in said land claimed by defendants.

On October 12, 1912, plaintiffs executed a deed conveying fifty acres of land, including the lands involved, to one F. A. Blanck, for a consideration of $270, and on said day Rufus Cochran, acting for himself and on behalf of the other plaintiffs, signed a petition to the county court of Adair county, being the court having jurisdiction of the settlement of the estate of said George Cochran, deceased, praying the approval of said deed. The petition was presented to the county court, and after an investigation by the court the papers were returned to Rufus Cochran because the consideration recited in said deed had not been paid, with instructions to hold the papers until the consideration was in fact paid. There is a controversy in the evidence as to whether the order of approval was signed on October 12th, or on a later date. Within about two weeks after the 12th of October, Blanck and one Wiley went to the home of Rufus Cochran

and delivered to Rufus Cochran six checks for $58 each, being one for each of plaintiffs, and obtained possession of the deed, and the petition and order of approval, and Rufus Cochran and his brother, Sanders Cochran, signed a letter to the judge of the county court, requesting that the deed be approved. The checks were accepted by each of plaintiffs and the money realized thereon expended by them. Upon obtaining the papers from Cochran, Blanck and Wiley presented the petition and deed to the court for approval, together with the letter from Rufus and Sanders Cochran, asking that same be approved. The evidence is conflicting as to whether the judge then approved the deed and whether the papers were delivered to the clerk of the county court by Wiley or by the judge of the court. The evidence does show, however, that the papers were delivered to the clerk about that time and by him placed in a pigeon hole, because he had been ordered by the county commissioners not to place the file mark on any papers in his office until the fees had been paid therefor. On January 4th, the fees for filing the same were paid and the papers were filed by the clerk as of that date. The judge testifies that he personally placed the papers on the clerk's desk. The petition for approval and the order of approval duly signed by the judge of the county court have been in possession of the clerk of the county court ever since about the 31st day of October, and a copy thereof was recorded in the office of the register of deeds on the 2d day of November, 1912.

On January 10th plaintiffs began this action, and on January 15th, Blanck and wife conveyed the premises by warranty deed to defendants A. E. Paulger and C. W. Purdy. January 22d, on motion of defendants Paulger

and Purdy, the county court made an order directing the clerk to file the papers as of October 12, 1912, and also made a finding and directed the clerk to make. an entry showing that the deed had been approved as of October 12th.

It is contended by plaintiffs that the county court did not approve said deed, for the reason there was no proceeding pending therein and no pleading filed by plaintiffs invoking the jurisdiction of the court to make an order of approval. The trial court found that the deed was approved in due form by the county court and the evidence is sufficient to sustain this finding, unless the procedure was insufficient to confer jurisdiction upon the court.

By section 9 of the act of Congress of May 27, 1908 (35 Stat. 312, c. 199), conveyance of any interest by full-blood Indian heirs in and to the lands of any deceased allottee must be approved by the court having jurisdiction of the settlement of the estate of said deceased allottee. The county court of Adair county had jurisdiction of the settlement of the estate of George Cochran, deceased, and administration proceedings were pending therein at that time.

Prior to the taking effect of the rules of procedure in probate matters, adopted by the justices of this court, which became effective July 15, 1914, there was no uniform system of procedure in force regulating proceedings of this character; but the different county courts on the east side of the state had adopted their own rules of procedure. Plaintiffs say in this case the procedure adopted was insufficient to confer jurisdiction upon the court. While it is true that the act of approving said

deed is the act of the court, as distinguished from the act of the judge thereof (*MaHarry v. Eatman*, 29 Okla. 46, 116 Pac. 936; *Tiger v. Creek County Court*, 45 Okla. 701, 146 Pac. 912), the failure of the court to follow any particular course of procedure does not render said act a nullity nor defeat the jurisdiction of the court to make such order. The conveyance itself was not a judicial act (*Brader v. James*, 49 Okla. 734, 154 Pac. 560), and the provision requiring approval by the county court did not change the nature of the transaction, but was merely a regulation by Congress through which it was sought to put the Indian on an equality with his prospective purchasers to the end that the transaction might be an honest one, based upon a sufficient consideration, and to prevent the Indian by reason of his improvidence from being overreached and to secure to him a fair price for the premises conveyed. *Tiger v. Creek County Court, supra.*

Plaintiffs make no allegation of fraud or other equitable grounds of interference, nor does any such appear in the evidence. The strongest evidence on behalf of plaintiffs is that they did not get what the land was worth. While the deed conveyed fifty acres, they only seek to recover ten acres, and it develops that since the conveyance thereof oil has been discovered thereon and four producing oil wells have been completed. Plaintiffs appear to be of more than ordinary intelligence, and Rufus and Sanders Cochran, who acted on behalf of all the plaintiffs, speak English, and at the time of the execution of the deed the consideration named therein was the best offer they had been able to obtain upon the premises. Rufus Cochran testified that their reason for bringing the suit was that they had not been paid enough for the land. After the deed had been approved by the

court he met the county judge on the streets of Westville, and stated to him that it was all right to approve the deeds.

In view of these facts we think when the county court approved the deed same became a valid conveyance and operated to transfer the title of plaintiffs to their grantee, Blanck, and no equitable grounds for setting aside said order of approval or canceling said deed being shown, either in the pleadings or in the evidence, the other questions urged become immaterial, and the judgment should be affirmed.

All the Justices concur.