This is an appeal directly to the Supreme Court from the action of the county court of Tulsa county in approving a deed to full-blood Indian inherited land pursuant to the act of Congress.
It seems that one Josephine Coachman, a full-blood Creek Indian, departed this life on the 9th day of November, 1907, seised and possessed of her allotment from the Creek Nation, without leaving any issue, her heirs at law being certain brothers and sisters of one-half blood, through whom the defendant in error, D.D. Wamsley, claims. The devolution of her estate being subject to the laws of Arkansas then in force in the Creek Nation, it is admitted by the plaintiffs in error that said defendant in error is entitled to an undivided one-half interest in said land, his claims being through the maternal heirs of said deceased. It is insisted, however, by the plaintiffs in error that, being the paternal heirs of the deceased, they are entitled to a one-half interest in said land. During the year 1908 proceedings were had in the county court of Tulsa county, by which the deeds executed in behalf of the maternal heirs were duly approved by the county court. In the progress of said matters protest was filed by the plaintiffs in error herein, which protest was withdrawn upon the payment to said contestants of the sum of $400, for which the said defendant in error received a quitclaim deed executed by Billy Molone and Louisa Haikey, which said deed was placed of record by said defendant in error without the approval of the county court of Tulsa county, which was the court having jurisdiction of said estate. Thereafter D.D. Wamsley, grantee in said deed, filed in the county court of Tulsa county his petition praying for the approval of said deed said petition being filed approximately eight years after the execution of said deed. The plaintiffs in error objected to the approval of said deed by the county court, upon the ground that the same was in direct violation of an act of the Legislature of the state of Oklahoma which provides rules for the approval of the deeds of full-blood Indians to their inherited Indian land, and for the further reason that the court had no right to approve a deed upon petition of the grantee over the protest of the said heirs. It is to review this action of the county court that this proceeding in error was commenced.
As we are unable to find any statute providing for the appeal directly to this court from the action of the county court in approving *Page 186 
or disapproving such deeds, pursuant to the act of Congress, this court is without jurisdiction to pass upon the question presented for review.
Counsel for plaintiffs in error has filed a brief calling our attention to several authorities to the effect that every state is competent and has the exclusive right to prescribe the remedies in its own judicial tribunals, etc., but we do not deem these authorities to be in point on the propositions above stated. Counsel for defendant in error have not favored us with a brief on the merits, but it seems so clear to us that there is no provision of law providing for an appeal directly to the Supreme Court from the action of the county court in matters of this kind that we dismiss the appeal upon our own motion without a citation of authorities.
For the reasons stated, the appeal will be dismissed.
RAINEY, V. C. J., and PITCHFORD, JOHNSON, McNEILL, HIGGINS, and BAILEY, JJ., concur.