**HADDOCK et al. v. JOHNSON et al.**

No. 9586—Opinion Filed Dec. 14, 1920.

Rehearing Denied Jan. 10, 1921.

(Syllabus by the Court.)

**1. Courts—Supreme Court—"Control Over Inferior Courts."**

Section 2, article 7, of the Constitution of the state of Oklahoma, which grants to the Supreme Court general supervising control over inferior courts and all commissions and boards created by law, refers to inferior courts when exercising judicial functions, and when hearing and determining matters before said courts from which an appeal may be taken or to which writs of certiorari or other like writs may lie.

**2. Same—Prescribing Rules for Courts.**

Section 5347, Revised Laws 1910, which authorizes the Justices of the Supreme Court to make and revise rules and make such amendments thereto as may be required to

carry into effect the provisions of the Code, and to make such further rules consistent therewith as they may deem proper, limits the authority to make rules for such inferior courts, when such courts are in the exercise of judicial functions and courts are in determination of matters from which an appeal may be taken or to which writs of certiorari or other like writs may lie.

### 3. Courts—Judicial Functions—Approval of Indian Deeds by County Court.

The action of a county court of this state in approving a conveyance of a full-blood Indian heir to lands inherited by such Indian from a member of the tribe, which conveyance was required by section 9 of the act of Congress of May 27, 1908, to be approved by the county court, is not judicial in its nature, nor the exercise of any judicial function.

### 4. Courts—Right of Appeal—Approval by County Court of Indian's Deed.

An appeal will not lie from an action of the county court in approving or disapproving a conveyance of a full blood Indian heir pursuant to the act of Congress of May 27, 1908.

### 5. Certiorari—Scope of Remedy.

Whilst certiorari is the appropriate remedy by which courts vested with superintending control and supervision over inferior tribunals established by statute review such proceedings or acts of the latter as are of a judicial nature for the purpose of determining whether they have kept within or exceeded the powers conferred upon them by law, the writ is never used for the purpose of reviewing proceedings and acts of a ministerial, administrative, or legislative nature, whether such acts be exercised by a court, officer, or other tribunal.

### 6. Indians—Validity of Conveyance—Approval by County Court.

The failure of the county court to follow the procedure provided for in former rule 10 of this court, in approving conveyance of full-blood Indian heirs, as provided for in section 9 of the act of May 27, 1908, does not render said conveyance void for that reason.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Jimmie Johnson and others against E. T. Haddock and R. H. Chowning to cancel conveyance of full-blood Indian heirs. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Geo. S. March and McPherren & Cochran, for plaintiffs in error.

J. B. Moore and R. B. Brown, for defendants in error.

Summers Hardy, Ralph E. Campbell, Thos. H. Owen, H. A. Ledbetter, Jos. C. Stone, and Jno. M. Chick, amici curiae.

McNEILL, J. This is an appeal from the district court of Carter county, and it is agreed that the same involves only one question, which is stated as follows:

"The only question for determination in this case is whether it was necessary for the county court in approving a full-blood conveyance on the 15th day of August, 1914, to comply with the rule 10 of the Supreme Court of the state of Oklahoma. If compliance with such rule is necessary, the deed of plaintiffs in error was void; if such compliance was not necessary, then the trial court erred in entering judgment on the pleadings."

This court, on June 11, 1914, promulgated the rules, and the one in controversy is rule 10, which prescribed certain procedure to follow while acting under the authority of section 9 of the act of Congress of May 27, 1908, in approving conveyances made by full-blood Indian heirs.

It is contended that rule 10 was ineffective for the reason this court was without authority to provide rules regulating the procedure to be followed by the county court in the approval of conveyances of full-blood Indian heirs, for the reason the county court in the approval of said conveyances was not in the exercise of any judicial function, but was acting in an administrative capacity as an agency of the federal government.

The power of the Supreme Court to exercise a superintending control over inferior courts is primarily derived from the Constitution of the state, to wit, section 2, article 7, which is as follows:

"The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all commissions and boards created by law."

This court has had occasion to construe said section of the Constitution and announced the test to be applied in determining whether this court had superintending control over certain boards and commissions created by state authority. The test to be applied in determining this question was announced by this court in the case of The Homesteaders v. McCombs, 24 Okla. 201, 103 Pac. 691, wherein this court stated as follows:

"The words 'commissions' and 'boards,' as used in connection with the term 'inferior courts,' mean such commissions or boards as judicial power may be vested in pursuant to section 1, art. 7 (Bunn's Ed., 169), of the Constitution, and the hearing and determination of matters by commissions or boards from which appeals may be taken, or to which writs of certiorari, and other like writs, may lie, appears to be the test."

This same construction of this section of the Constitution was reaffirmed by this court

in the case of Montgomery v. State Election Board, 27 Okla. 324, 111 Pac. 447.

If the commissions and boards referred to in section 2, article 7, are such boards and commissions as may be vested with judicial power, and this court has superintending control over them only when they are in determination of matters from which an appeal may be taken or to which writs of certiorari or other like writs may lie, it would seem the same rule would be applicable to inferior courts, and while such courts are vested with judicial power, the Supreme Court could only exercise superintending control over such inferior courts when such courts were in determination of matters from which an appeal may be taken, or to which writs of certiorari, or other like writs may lie.

The statute that authorized this court to adopt the rules for inferior courts is section 5347, Rev. Laws 1910, which is as follows:

"The Justices of the Supreme Court shall meet every two years during the month of June * * * and revise their general rules, and make such amendments thereto as may be required to carry into effect the provisions of this Code, and shall make such further rules consistent therewith as they may deem proper. The rules so made shall apply to the Supreme Court, the district courts, the superior courts, the county courts, and all other courts of record."

It will be noticed that the statute provides that the court shall adopt such rules "as may be required to carry into effect the provisions of this Code and shall make such further rules consistent therewith as they may deem proper." The authority to make such further rules consistent therewith must also be limited to making such rules for the inferior court when said court is in the exercise of its judicial functions, and when in determination of matters from which an appeal may be taken or to which writs of certiorari or other writs may lie. The force and effect of a duly authorized rule of the appellate court over an inferior court is well defined in the case of Thompson v. Hatch, 3 Pick. (Mass.) 512, and is stated as follows:

"Duly authorized rule of court has the force of law, and is binding upon the court as well as upon the parties to an action, and cannot be dispensed with to suit the circumstances of any particular case."

The same rule is announced in 6 Standard Ency. Procedure 63, as follows:

"Rules have the force and effect of law, and are binding upon litigants and upon counsel, upon the court and its officers. A rule made pursuant to statutory authority by an appellate court to govern the procedure in inferior courts is binding upon the latter, and rules adopted by a board or convention

of judges are binding on the individual judge."

This same rule was announced and approved by this court in the case of State v. Knight, County Judge, 49 Okla. 202, 152 Pac. 362. The binding force of a rule of an appellate court, when authorized, over an inferior court is discussed in the cases of Bank of U. S. v. White, 8 Pet. (U. S.) 262; Northwestern Mutual Life Ins. Co. v. Keith, 77 Fed. 374; and Bryant Bros. v. Robinson, 149 Fed. 321, and they sustain the rule announced above.

We will now direct our attention to the following questions:

First. Was the county court, in the approval of a conveyance of a full-blood Indian heir, in the exercise of any judicial function?

Second. Or in determination of any matter over which an appeal may be taken?

Third. Or was it in determination of any matters to which writs of certiorari or other like writs may lie?

The first question has been decided by this court, and the United States courts, and they have definitely settled the question that the county court of this state, in approving a conveyance of a full-blood Indian heir, is not in the exercise of any judicial function, but is simply acting as an agency of the federal Government. Cochran v. Blanck, 53 Okla. 317, 156 Pac. 324; Mullen v. Short, 38 Okla. 333, 133 Pac. 230; Buck v. Simpson, 65 Oklahoma, 166 Pac. 146; Tiger v. Creek County Court, 45 Okla. 701, 146 Pac. 912; Bartlett v. Oklahoma Oil Co., 218 Fed. 380; Okla. Oil Co. v. Bartlett, 236 Fed. 488; Barnett v. Kunkel, 259 Fed. 394; State v. Huser, 76 Okla. 130, 184 Pac. 113.

Counsel for defendants in error in their brief state the following proposition:

"In approving a deed for a full-blood heir of a deceased Indian, the county court is not acting by virtue of any jurisdiction conferred upon it by Congress, but merely exercising jurisdiction under its inherent power."

This contention is not supported by any authorities, but is contrary to the holding in the case of Parker v. Richards, 250 U. S. 235, where the court, speaking through Mr. Justice Van Devanter, stated as follows:

"Conveyances without his approval (meaning the county court's approval) fall within the ban of the restrictions. That the agency which is to approve or not is a state court is not material. It is an agency selected by Congress, and the authority confided to it is to be exercised in giving effect to the will of Congress in respect to a matter within its control. Thus in a practical sense the court

in exercising that authority acts as a federal agency; and this is recognized by the Supreme Court of Oklahoma."

That Congress alone has the authority to legislate for these Indians concerning their restricted lands, and that this authority cannot be limited or impaired by any state law, was the holding of this court in the case of State v. Huser, 76 Okla. 130, 184 Pac. 113, citing Tiger v. Western Investment Co., 221 U. S. 286, 31 Sup. Ct. Rep. 578, 55 L. Ed. 738.

The second question we will consider is whether, in the approval of such a conveyance, the court was in the determination of any matter from which an appeal may be taken. This question has likewise been settled by this court in the case of In re Estate of Coachman, Molone et al. v. Wamsley, 77 Okla. 185, 187 Pac. 465, where this court held that an appeal would not lie to this court from the order of the county court either approving or disapproving such a conveyance.

The third question is whether the court was in the determination of any matter to which writs of certiorari or other like writs may lie. This question has likewise been settled by this court in the case of Tiger et al. v. Creek County Court, 45 Okla. 701, 146 Pac. 912, wherein the court stated as follows:

"Whilst certiorari is the appropriate remedy by which courts vested with superintending control and supervision over inferior tribunals established by statute review such proceedings or acts of the latter as are of a judicial nature for the purpose of determining whether they have kept within or exceeded the powers conferred upon them by law, the writ is never used for the purpose of reviewing proceedings and acts of a ministerial, administrative, or legislative nature, whether such acts be exercised by a court, officer, or other tribunal."

These authorities definitely settle the question that the action of the county courts of this state in the approval of such conveyances does not involve the exercise of any judicial function, but is simply an administrative act of an agency of the federal government; that in the approving or disapproving of said conveyances no appeal would lie from the order of the county court in either approving or disapproving such conveyance.

Fourth. That the county court in the approving of such conveyances was not in the exercise of any judicial function or determination of any matter to which a writ of certiorari or other like writs may issue to review its proceedings.

With these questions of law definitely settled, and applying the same reasoning that

was given in this court in determining the authority of this court to control boards and commissions mentioned in the same section of the Constitution, it is apparent that the court acquired no right by virtue of section 2, article 7, of the Constitution of this state to exercise any superintending control over the county court in the approving of such deeds and acquired no authority to promulgate any rule to regulate the proceedings of the court while acting as a federal agency.

We may next direct our attention to section 5347, Rev. Laws 1910, and see if any such authority was granted by said section. It first provides that this court may make such rules as may be required to carry into effect the provisions of said Code. The approval or disapproval of such conveyances is not authorized by the statutes of the state, but is only authorized by virtue of an act of Congress; therefore, it would not come within this provision of the section.

The section of the statute then provides that the Justices may make such further rules consistent therewith as they of the Supreme Court may deem proper. What did the Legislature intend by this provision? In construing statutes the intent of the Legislature must govern. Can it be said that the Legislature intended that the court should adopt rules to regulate the proceedings of the county court while acting as an agency of the United States government in the approval or disapproval of such conveyances, or was it the intent of the Legislature for this court to adopt rules for the inferior courts for the purpose of carrying into effect the provisions of the Code, and to superintend the different inferior courts of the state while said courts were in the exercise of some judicial function? This must be the interpretation naturally placed upon said section, and we do not believe it was intended that the Justices of the Supreme Court should adopt rules to apply to inferior courts unless it was when such a court was in the exercise of some judicial function.

It is suggested in the brief of defendants in error that the Legislature had authority to prescribe the procedure for the county court to follow in approving full-blood Indian heir's conveyances under the act of May 27, 1908, but in this we are not concerned, as that question cannot be considered in this case, for the reason there was no act of the Legislature in force and effect at the time of the approval of the deed in question.

We are therefore of the opinion that the failure of the county court to comply with

the former rule 10 of the court in approving the conveyance, did not render the deed void.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with instructions to proceed with the trial of the case according to the views herein expressed.

RAINEY, C. J., and HARRISON, PITCHFORD, JOHNSON, HIGGINS, BAILEY, and COLLIER, JJ., concur.