**SNELL et al. v. CANARD et al.**

No. 11956—Opinion Filed July 10, 1923.

Rehearing Denied Sept. 25, 1923.

(Syllabus.)

**1. Indians—Approval of Full-Blood Conveyances—Jurisdiction of County Court.**

The county court in its probate capacity is the court having jurisdiction of the settlement of estates, and, as such, is the federal agency designated for the approval of full-blood conveyances, and for such purpose is always open and in session.

**2. Same—Failure of Court to Follow Supreme Court Rule.**

Failure of the county to follow the procedure provided for in rule 10 of this court in approving conveyances of full-blood Indian heirs does not render the conveyance void.

**3. Same — Noncompliance with Statutory Procedure.**

Failure of the county court to follow the procedure provided for in rule 10 of this court in approving conveyances of full-blood Indian heirs does not render the conveyance void.

**4. Same—Delayed Approval without Notice to Grantor.**

The approval of a full-blood conveyance will not be set aside because the same was approved upon the application of the grantee and without the knowledge of the grantor that the same was being presented and after suit had been filed by her to set aside the conveyance.

**5. Same— Delayed Corrective Approval— Necessity for New Consideration.**

Where a deed was executed by a full-blood Indian heir in 1909 and approved by the county court of Hughes county, which was not the county court having jurisdiction of the estate of the deceased allottee, and in 1919 an order of approval was entered by the county court of Okfuskee county, which was the county court having jurisdiction to approve the same, it was not necessary that a new consideration be paid at the time of the last approval.

**6. Same—Fraud in Procuring Approval.**

An examination of the record fails to disclose any fraud in procuring approval of the county court of Okfuskee county.

**7. Same—Approval Relating Back to Date of Execution of Deed.**

The approval of the deed related back to the date of the execution of the deed, and rendered it valid from that time, subject to the intervening rights of third persons.

**8. Same — Intervening Rights of Attorneys for Grantor.**

Attorneys who procured a contract from a full-blood Indian for the recovery of the land, which contract was duly approved by the county court prior to the approval of the deed of defendants, and which contract provided that the attorneys should receive one-half of the value of the lands in the event of recovery, are not entitled to recover anything in this cause, by reason of the fact that their client can recover nothing.

Error from District Court, Okfuskee County; Lucien B. Wright, Judge.

J. C. Wright, C. T. Huddleston, Logan Stephenson, and White & Nichols, for plaintiffs in error.

Phillips & Douglas, Turner & Lucas, and Lewis C. Lawson, for defendants in error.

Action by Sallie Canard against R. E. Snell, Jr., Katie Snell, C. L. Sandlin, and B. O. Sims to recover lands; Leon C. Phillips and others intervening. Judgment for plaintiff and interveners, and defendants bring error. Reversed and remanded, with directions.

COCHRAN, J. This was an action brought by Sallie Canard against plaintiffs in error to recover certain lands situated in Okfuskee county, Okla. The defendants in error Rowe, Phillips and Douglas, filed a petition in intervention asserting that they were the owners of a one-half interest in said property by reason of an attorney's contract executed to them by Sallie Canard. Judgment was rendered for the plaintiff for the recovery of the lands in controversy and quieting her title thereto, and for rents. Judgment was also entered for the interveners in the sum of $2,890 as compensation for their services as attorneys and decreeing a lien on the lands to secure the payment. The land in controversy was the allotment of David Canard, who was enrolled as a full-blood Creek Indian and who died in 1901. At the time of his death, he resided in the territory now comprising Okfuskee county and left Sallie Canard as his sole heir. She was likewise enrolled as a full-blood Creek Indian. On March 22, 1909, Sallie Canard executed a deed to said lands to B. O. Sims, and on the same date the deed was approved by the county court of Hughes county, Okla. On the 27th day of June, 1917, Sallie Canard filed this suit. On the 9th day of August, 1919, B. O. Sims presented a petition to the county court of Okfuskee county, asking for the approval of the deed executed to him on March 22, 1909, by Sallie Canard, and on the same day the county court of Okfuskee county entered an order approving said deed. The plaintiffs in error rely upon this last approval as validating their title to the lands in controversy. The defendants in error contend that the plaintiffs in error acquired no title under this approval, and that same was invalid for several reasons, which we shall separately discuss.

It is first contended that the approval of the deed by the county court of Okfuskee county is void because the county court of Okfuskee county was not in session on August 9, 1919. In this connection, reference is made to section 9 of the act of Congress of May 27, 1908, which provides:

"No conveyance of any interest of full-blood Indian heirs in such lands shall be valid unless approved by the court having jurisdiction of the settlement of the estate of said deceased allottee."

Attention is called to the use of the word "court," and it is contended that, although it has been generally held that the approval of a full-blood conveyance is a ministerial act as distinguished from a judicial act of the court, it was intended that the court should act in this ministerial capacity and not the judge of the court. Section 3178, Comp. Stat. 1921, which fixes the terms of county courts, provides:

"That said courts shall always be open and in session for the transaction of all probate business in their respective counties."

But the plaintiff contends that this section has no application, for the reason that it has been held that the county courts of this state in approving conveyances of full-blood Indian heirs do not exercise probate jurisdiction, and that, therefore, the approval by the county court must be in its capacity other than that of a probate court. In Molone v. Wamsley, 80 Okla. 181, 195 Pac. 484, this court said:

"The county courts of this state, in approving conveyances by full-blood Indian heirs, do not exercise any probate jurisdiction conferred upon them by the Constitution and the laws of the state of Oklahoma, but merely act as federal agents, and in approving the conveyances of Indian heirs perform only a ministerial act."

In approving full-blood conveyances the county court does not exercise any jurisdiction of any character conferred by the Constitution or laws of the state, but acts simply as a federal agent, but the county court in its probate capacity is the court which has jurisdiction of the settlement of the estates of deceased allottees and as such is the federal agency designated by the act of Congress, and as such has authority to ap-

prove the full-blood conveyance. In its probate capacity, the county court is always in session and has at all times the authority to approve a full-blood conveyance in the exercise of the ministerial function given by the act of Congress. In United States v. Black, 247 Fed. 942, the Circuit Court of the 8th Circuit stated as follows:

"It must be borne in mind that 'the court having jurisdiction of the settlement of the estate' of Sam Lucas was always in session. We have no desire to conflict with, much less to overrule, those cases which draw a correct distinction between a court and the judge thereof, and limit the power of courts to act in vacation; but the law says there shall be no vacation in the county court in probate matters, consequently the 'court having jurisdiction of the settlement of the estate' of Sam Lucas is always in session."

It is next contended that the approval of the county court of Okfuskee county was invalid because the approval was not procured in compliance with rule 10 of the Supreme Court. This contention has been decided adversely to the contention of the plaintiff in Haddock v. Johnson, 80 Okla. 250, 194 Pac. 1077.

It is next contended that the approval is invalid because it was not procured in compliance with section 198, Session Laws 1915. This question has also been decided adversely to the contention of the plaintiff in Molone v. Wamsley, supra.

It is next contended that the approval is void because the grantee presented the deed to the county court of Okfuskee county without the knowledge or consent of Sallie Canard, and after she had filed suit to cancel the conveyance. It is contended that, no petition having been signed by Sallie Canard. the court was without jurisdiction to enter order of approval. It has generally been held that the approval of full-blood conveyances is not a jurisdictional matter and, such being the case, the usual jurisdictional requisites are not necessary. This same question was before the court in Cochran v. Blanck, 53 Okla. 317, 156 Pac. 324, and the court said:

"Plaintiffs say in this case the procedure adopted was insufficient to confer jurisdiction upon the court. While it is true that the act of approving said deed is the act of the court, as distinguished from the act of the judge thereof (MaHarry v. Eatman, 29 Okla. 46, 116 Pac. 936; Tiger v. Creek County Court, 45 Okla. 701, 146 Pac. 912), the failure of the court to follow any particular course of procedure does not render said act a nullity nor defeat the jurisdiction of the court to make such order. The convey-

ance itself was not a judicial act (Brader v. James, 49 Okla. 734, 154 Pac. 560) and the provision requiring approval by the county court did not change the nature of the transaction."

In Lasiter, Adm'r, v. Ferguson, 79 Okla. 200, 192 Pac. 197, the court said:

"As we understand the contention of counsel, their sole ground for setting aside the approval is that the application therefor was made by counsel for the grantee in the deed, and not by the restricted Indian himself. This does not constitute a ground for setting the approval aside. No statute or rule of court has been called to our attention prescribing any formal practice or procedure in such matters. As has been often pointed out by this court, the provision of the federal statute requiring the approval of deeds conveying the restricted lands of full-blood Indians by the county court was merely a regulation by Congress through which it was sought to put the Indian on an equality with his prospective purchasers to the end that the transaction might be an honest one, based upon a sufficient consideration, and to prevent the Indian by reason of his improvidence from being overreached and to secure to him a fair price for the premises conveyed."

It is next contended that the approval of the county court of Okfuskee county was invalid because no additional consideration was paid therefor, and that the original deed was not presented to the county court for approval. It has been held that no new consideration is necessary to give a county court jurisdiction to approve a full-blood conveyance in the following cases: Lomax v. Pickering, 173 U. S. 26, 43 L. Ed. 601; Barnett v. Kumkel, 259 Fed. 394; Hope v. Foley, 57 Okla. 413, 157 Pac. 727. In the last case. the facts were very similar to the facts in the case at bar, and deeds were executed by Willie Hope in July and August, 1907. These deeds required the approval of the Secretary of the Interior, but were not approved. In 1910, the purchaser procured new deeds of conveyance from Willie Hope, but without any present consideration. On March 13, 1912, Willie Hope filed suit to cancel conveyances executed in 1910, alleging that they were void because they had not been approved by the county court having jurisdiction of the settlement of the estate of the deceased allottee and were executed without any additional consideration. In June, 1912, the purchaser presented the deeds to the proper county court for approval, and an order approving same was duly entered. The court in passing on that question said:

"It will be observed that neither of the statutes above set out, authorizing the conveyance of full-blood inherited lands, pre-

scribes as a condition precedent to the validity of a deed conveying such lands that it should only be executed upon a consideration then paid; that the provisions providing for the approval—that of 1906 by the Secretary of the Interior, and that of 1908 by the county court having jurisdiction of the settlement of the estate of the deceased allottee—are that the approval of the particular agency named in the act is essential to the validity of the conveyance. From this fact we take it that proof of the payment of a present consideration is not essential to the validity of such conveyance, but the approval of the approving agency provided in the act renders the conveyance valid, although no consideration was paid or recited in the conveyance."

In McCosar v. Chapman, 59 Okla. 78, 157 Pac. 1059, it was said:

"If it was intended by the third to allege that the consideration for the deed of October 5, 1909, was not paid at the time of its approval, striking this allegation from the petition harmed no one, since the payment of the consideration at the time of the approval of the deed was not necessary to the validity of the conveyance or the order of approval."

It is contended further that the approval of the county court of Okfuskee county was invalid because the deed to Sims was not presented to the court for approval. It is not the instrument itself which requires the approval of the county court, but the conveyance of the lands. It is true that the conveyance is evidenced by the deed; but the deed itself having been executed, we know of no good reason why the conveyance could not be approved without presenting the original instrument.

It is further contended that the presentation of the petition to the county court of Okfuskee county for approval without the knowledge of Sallie Canard, and without any new consideration being paid, although the property had greatly enhanced in value since the execution of the deed, and because a suit had already been filed to cancel the conveyance, which fact was concealed from the county court of Okfuskee county, constituted a fraud and invalidated the approval. This same contention was made in the case of Hope v. Foley, supra, and it was held that the facts were insufficient to constitute fraud. There is nothing in the record in this case to show that the county judge did not make a full and adequate investigation of this matter, or that any fraud was perpetrated on him. As to the presentation of the petition without notice to Sallie Canard, and the failure to pay any new consideration,

we have already seen that those matters would not invalidate the approval.

The approval of the deed by the county court of Okfuskee county related back to the date of its execution. Pickering v. Lomax, 145 U. S. 310, 36 L. Ed. 716; Lykins v. McGrath, 184 U. S. 169, 46 L. Ed. 485; Almeda Oil Co. v. Kelly, 35 Okla. 525, 130 Pac. 931; Tiger v. Jewel, 22 A. C. R. 104; Scioto Oil Co. v. O'Hern, 67 Okla. 106, 169 Pac. 483.

It is contended by the defendants in error Rowe, Phillips & Douglas that their rights as third parties intervene between the time of the execution of the deed and the approval of the county court, and for that reason the approval could not in any manner affect their rights. The only rights which these parties had were under an attorney's contract, executed by Sallie Canard, which provided that they should receive 50% of the value of the lands in the event of recovery. It thus appears that the interpleaders had no rights in the event the recovery was not had by Sallie Canard, and the approval of the county court relating back and becoming effective as of the date of the deed and it becoming impossible for Sallie Canard to recover, the attorneys have no right under that contract.

The judgment of the trial court is reversed, and cause remanded, with directions to enter judgment for the defendants.

JOHNSON, C. J., and KENNAMER, BRANSON, and MASON, JJ., concur.