**FISHER et al. v. GRIDER.**

No. 13485—Opinion Filed May 13, 1924.

Rehearing Denied March 17, 1925.

1. **Indians—Conveyance of Full-Blood Heir —Validity—Approval—Procedure.**

Failure of the county court to follow the procedure provided by chapter 198, Session Laws 1915, in approving conveyances of full-blood Indian heirs, does not render the conveyances void. Snell v. Canard, 95 Okla. 145, 218 Pac. 813.

2. **Same—Action to Cancel Deeds—Judgment for Defendant on Pleadings.**

Where deeds were executed by full-blood Indian heirs and approved by the county court of Okmulgee county, which was not the county court having jurisdiction of the estate of deceased allottee, and suit is brought by the said heirs to cancel the deeds on this ground, and while the suit is pending, the defendant makes application to the county court of McIntosh county for approval of the deeds in said county, being the county having jurisdiction of the estate of said allottee, and obtains the approval and sets up the deeds and orders of approval of county court of McIntosh county, and the

plaintiffs, by unverified reply, plead noncompliance with chapter 198, Session Laws of 1915, in obtaining the approval, and fraud in not notifying the plaintiffs and in not informing the county judge of the suit pending, and inadequate consideration in only $100 for each deed, when the deeds show on their face $400 and $450, and fraud in general, without stating the particular facts, and further plead interest of attorneys by written contract, intervening between the date and approval of the deeds in Okmulgee county and approval in McIntosh county, and defendant interposes a motion for judgment on the pleadings, it is not error to sustain the motion.

3. **Attorney and Client—Contract for Recovery of Allotment—Attorney's Fee Dependent on Recovery by Client.**

Attorneys who procured a contract from full-blood Indians for the recovery of the land, which contract was duly approved by the county court prior to the approval of the deeds of defendant, and which contract provided that the attorneys should receive one-half of the lands in the event of recovery, are not entitled to recover anything in this cause, by reason of the fact that these clients can recover nothing. Snell v. Canard, 95 Okla. 145, 218 Pac. 813.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Lucy Fisher et al. against E. J. Grider. Judgment for defendant, and plaintiffs appeal. Affirmed.

Neff & Neff, for plaintiffs in error.

Thompson & Smith, for defendant in error.

Opinion by THREADGILL, C. The action in this case was brought by the plaintiffs in error, as plaintiffs, in the district court of Creek county, April 25, 1920, against the defendant in error, as defendant, and the parties will be referred to here as they appeared in the trial court. The plaintiffs alleged, in substance, that they were full-blood Creek Indians and were the owners by inheritance of the S. W. ¼ of N. E. ¼, the S. E. ¼ of the N. W. ¼, and E. ½ of S. W. ¼ of section 31, T. 17 N., R. 12 E., in Creek county, Okla.; that Lucy Fisher or Lizzie Fisher inherited an undivided one-half interest in said land on the paternal side, and James Charles and Ellen Stake, nee Charles, inherited each an undivided one-fourth interest in said land on the maternal side; that the plaintiffs made a contract with William Neff and L. E. Neff, as attorneys, agreeing to give them an undivided one-half interest in said land to represent them, and the pe-

tition states that a copy of the contract is attached and marked Exhibit "C," but the record fails to show such exhibit. The petition alleges that the said contract was made and approved on February 20, 1920, by the county court of McIntosh county, as the court having jurisdiction of the settlement of the estate of the deceased allottee; that the defendant is in possession of said real estate under some claim of title, the exact nature of which is unknown to the plaintiffs; that plaintiffs are entitled to the immediate possession of said real estate.

In the second count the petition reiterates what is said in the first count and states that whatever the interest the defendant has in said real estate it is inferior to the claim of plaintiffs, and that any instruments of conveyance the defendant has should be cancelled and the title quieted in them. In a third count the petition states that the defendant has been in possession of said real estate since 1900, and has collected the rents and profits therefrom, the exact amount of which is unknown to plaintiffs, and they ask for an accounting. The purpose of the suit, as stated in the petition, is for possession and for quieting their title; and for an accounting, and for general relief. To this petition certified copies of the patents of the land are attached, showing that the lands were allotted to the heirs of Martha Ellis, deceased.

The defendant filed an answer and cross-petition, and in the answer admits all the facts as to the heirship and as to the patents, but denies that the plaintiffs had any right, title, or interest in and to said lands at the time the suit was brought, and denies that they had any right to enter into a contract with the attorneys, Neffs, to represent them, and denies that they have any interest in the said lands at this time, and denies that he is in the wrongful possession of said lands, or is indebted in any sum to them, because of his occupancy. In his cross-petition, he states that he is now in possession and has been in possession since 1910, and that he is the owner of said lands; that he obtained deeds from the heirs and his deeds were approved by the county court of Okmulgee county, one deed in 1910 and the other in 1918; that he paid Lizzie Fisher $400 for her interest and James Charles and Ellen Stake, nee Charles, $450 for their interest.

Copies of the deeds are attached and copies of the orders of approval are attached. The defendant further states that on October 26, 1918, he purchased the interest of Cindoche Taylor, nee Upsarhechee, for the sum of $150, and this deed was approved by the county court of Okmulgee county and a copy of the deed and order of approval attached; that at the time the said deeds were approved by the county court of Okmulgee county he was informed and believed that the allottee, at the time of her death, lived in that county, and after he learned that the allottee resided in what is McIntosh county, since statehood, at the time of her death, and because of this information and his belief that it was true, he made application to the county court of McIntosh county for the approval of all of said deeds and the court made its order approving the same (a copy of said order being attached); and defendant pleads the deeds and the approval of the same as his defense to all the claims of the plaintiffs, and in bar of any right, title, or interest on their part in and to said lands. The plaintiffs filed a reply, consisting of a general denial and an admission that Cindoche Taylor inherited a fourth interest in the land involved, and that plaintiffs were entitled to recover only a three-fourths interest. They further state that the deeds approved by the county court of McIntosh county as claimed by the defendant are void for the reason that at the time the order of approval was made the suit of the plaintiffs was pending, and that they had no notice of the proceedings; that the defendant did not inform the county judge of McIntosh county that the suit was pending, but concealed the information from him; that the purpose of the approval in McIntosh county was to defeat the suit of the plaintiffs, when in fact the defendant led the county judge to believe that it was to correct the mistake in the county court in which the approval of said deeds theretofore was had; that a full, fair, and adequate consideration was not paid for the deeds. and that $100 was all that was actually paid for the deed; that the material facts were misrepresented to the court; that there was no compliance with the statute governing the proceedings for the approval, nor compliance with the rules of the court adopted covering such matter; that the petition for approval was not signed by the grantors; that there was no notice given and no hearing had; that the petition was made by the defendant; that the approval in McIntosh county could not cut off the rights in said land which had been acquired by the attorneys, William Neff and L. E. Neff, prior to the date of said approval, which rights were obtained by contracts and deeds made by the other plaintiffs in the suit and which had been duly approved by the county court of McIntosh county prior to the 5th day of October, 1922, and by which the attorneys

became the equitable owners of a one-half interest in the land.

On March 1, 1922, the cause came on before the court for hearing and the defendant moved the court for a judgment in his favor on the pleadings, and the court sustained the motion and gave judgment in favor of the defendant, and the plaintiffs excepted and have appealed, by petition in error and case-made, and urge that the action of the court in sustaining the motion and rendering judgment in favor of the defendant was error for three reasons:

"1. The approval obtained from the county court of McIntosh county was not valid.

"2. The pleadings disclose that the county court of McIntosh county was imposed upon in the proceedings by which the approval of the deeds was obtained.

"3. Prior to the approval of the deeds by the county court of McIntosh county, the plaintiffs William Neff and L. E. Neff had acquired a one-half interest in the land by an instrument which was duly approved by the county court of McIntosh county, Oklahoma. Such approval could not cut off their intervening rights."

1. The plaintiffs insist that the court should not have sustained the motion for judgment on the pleadings because the plaintiffs in their reply raised the question of failure to comply with sections 1081, 1082, and 1083, Comp. Stat. 1921, in securing approval of deeds, being the act of 1915, providing a procedure for the approval of deeds by full-blood Indians, conveying inherited lands under Act of Congress, May 27, 1908, 35 Stat. 315.

The motion conceded that there was no compliance with this statute. The defendant contends it is unnecessary to comply with the statute and plaintiffs contend that compliance is necessary to the validity of the deeds. This brings us to consider the two statutes. The act of Congress authorizing such conveyances reads as follows:

"No conveyance of any interest of any full-blood Indian heirs in such land shall be valid unless approved by the court having jurisdiction of the settlement of the estate of such deceased allottee."

The state statute provides a procedure in the operation of the federal statute, and section 1083 of the state statute practically imposes a 30 days restriction against alienation not imposed by the act of Congress.

The plaintiffs argue in their brief that this provision of Congress was to provide an agency of assistance or equality to raise the Indian heir to the level of understanding with the white land buyer, and to prevent him from being overreached and save him from making a contract of conveyance he did not understand, and that the state statute is in furtherance of the intention of the act of Congress, providing an orderly procedure for carrying out this intention, and should, therefore, be valid and binding, citing Savage v. Jones, 225 U. S. 501, 56 L. Ed. 1182, and Sperry Oil & Gas Company v. Chisholm, 282 Fed. 93.

This first case involved the validity of a state statute requiring "concentrated commercial feeding stuff" to be tagged or labeled showing the weight of the package, the contents and analysis, etc., and compliance with the provision of the act in placing the same on the market for sale. It was contended that the statute was invalid because the whole subject was covered and governed by the Pure Food and Drug Act of Congress. The state statute was upheld on the grounds that it was a police regulation and not in conflict with the act of Congress, and in the many cases cited in the opinion upholding the state statute regulating the same subject covered by the laws of Congress, the two grounds are emphasized as fundamental. The case is not applicable to the case at bar because there is no question of police regulation involved in the latter. If the food and drug act had provided an agent for performing certain duties in furtherance of the act and the state statutes had provided a procedure for the performance of the duties and the validity of the statute was drawn into question, we would have a parallel case and the suggestion shows the difference, and against the plaintiffs' contention.

The second case, cited by the plaintiffs, involved the validity of the state homestead law requiring both husband and wife to sign and execute a conveyance of the homestead under the Act of Congress providing for alienation without this formality, and the Circuit Court of Appeals for the 8th Circuit held the state statute valid, and the fundamental ground for the holding was the state's constitutional provision for the homestead, applicable to all citizens alike, which was accepted and approved by the United States when the state was admitted into the Union, and we cannot see any application of the facts or principles stated in this case to the case at bar.

The Congress in removing the restrictions on alienation upon the death of the full-blood Indian, and giving the full-blood heirs the right to sell the same, provided that the county court or county judge (but there is no distinction) should be the agency for

consummating the sale contract. Malone et al. v. Wamsley, 80 Okla. 181, 195 Pac. 484.

This agency took the place of the Secretary of the Interior and should be considered as a federal appointment to carry out the purpose of the federal statute. Under the act providing for the approval of the Secretary of the Interior it was not his province to make or assist in making a contract, but to pass on the contract after the parties had made it (Sperry Oil & Gas Company v. Chisholm, supra) and approve or disapprove it. There is no grant in the act for a special procedure by the state Legislature. The act reposes confidence in the wisdom and fidelity of the designated agent, not as a court, but as a ministerial officer to perform a ministerial duty, and the presumption is the agent will perform the duties of the trust, and no decisions are cited, and we do not find any, sustaining the contention that a state statute, in the absence of an express grant, can provide rules governing the acts of a federal agent or officer in the discharge of the duties imposed upon him by congressional act.

The act of the Legislature providing for the procedure, which plaintiffs say was violated to their injury, seems to proceed on the assumption that the county courts, designated as the agent for approval of deeds of full-blood Indians to inherited lands, are state courts and the Legislature has the right to lay down rules governing its procedure, but since it has been held that the duty imposed is not judicial but ministerial, the fallacy of the assumption is apparent. Malone v. Wamsley, 80 Okla. 181, 195 Pac. 484; Okla. Oil Co. v. Bartlett, 236 Fed. 468, 149 C. C. A 510; Haddock et al. v. Johnson et al., 80 Okla. 250, 194 Pac. 1077.

The case of Snell et al. v. Canard et al., 95 Okla. 145, 218 Pac. 813, is in point on the whole subject under discussion, and holds against the plaintiffs on this first contention, and for the reasons above given we do not think the Chisholm Case, supra, cited by the plaintiffs, is an authority for changing the rules adhered to by this court.

2. The next complaint is that the county court of McIntosh county was imposed upon in the proceedings for the approval of the deeds. The deeds were taken and approved first in Okmulgee county, the consideration as shown on the face of the deeds, was $400, $450, and $150, respectively. The plaintiffs brought suit to cancel the deeds on the ground that they were void because not approved by the county judge of McIntosh county instead of Okmulgee county. The defendant, while the suit was pending, applied to the county judge of McIntosh county for approval and obtained orders of approval and set the deeds and orders up as a defense to the action. The deeds and orders and testimony of the approval in McIntosh county, show the consideration as above stated. The plaintiffs filed an unverified reply to the answer, which admitted the execution of the deeds and orders of the county court and whatever legal effect they had under section 287, Comp. Stat. 1921, and Henryetta Smelter Company v. Guernsey, 82 Okla. 71, 198 Pac. 495. However, plaintiffs admit in their reply the validity of the petition filed in the county court of McIntosh county and the order made of the approval of the deeds; also admit the validity of the deed from Cindoche Taylor to a one-fourth interest in the land, and state that they claim only three-fourths interest instead of the whole interest as claimed by them in their petition. The defense set up then to the two deeds and orders of the county court approving the same is substantially as follows: That at the time of the approval the suit to cancel the deeds as approved by the county court of Okmulgee county was pending, and the purpose of the approval was to defeat the suit and the plaintiffs were not made parties to the proceedings; that the county judge of McIntosh county was not informed of the suit pending and the defendant concealed this fact from him; that the defendant represented that the subject of the suit was to correct a mistake in the matter of having the deeds approved; that the defendant represented to the county judge that a consideration was paid when in fact only $100 was paid for each deed, and then they plead failure to comply with the state statute, and that the consideration was grossly inadequate, and the grantors were induced to make said deeds by reason of coercion and undue influence, and they plead further the interest of Neff and Neff.

As we view it there is not a fact stated in this reply that amounts to legal fraud. Under Snell v. Canard, supra, the defendant had a right to take the steps he did in having the deeds approved by the county court of McIntosh county. The court in the Canard Case, supra, uses the following language:

"It is next contended that the approval is void because the grantee presented the deed to the county court of Okfuskee county without the knowledge or consent of Sallie Canard and after she had filed suit to cancel the conveyance. It is contended that no petition having been signed by Sallie Canard the court was without jurisdiction to enter order of approval. It has generally been held that the approval of full-blood conveyances is not a jurisdictional matter and such

being the case the usual jurisdictional requisites are not necessary."

As to the lack of sufficient consideration, this allegation, standing alone, would not be sufficient to show fraud in procuring the deed and having it approved unless facts of fraud, coercion, or undue influence were stated to show that the Indian was overreached and the court misled, and no such facts appear in plaintiffs' reply. There are general conclusions of fraud and misrepresentatious stated, but no facts upon which to base them, and the issues raised do not come within the rule of Barnett v. Kunkel, 259 Fed. 394, or Griffin v. Culp, 68 Okla. 310, 174 Pac. 495.

3. In the third place, the plaintiffs contend that William Neff and L. E. Neff had acquired a one-half interest in the land prior to the approval of the deeds in McIntosh county and such approval could not cut off their rights. They plead a written contract for their interest and state as follows:

"That said plaintiffs executed a contract to William Neff and L. E. Neff, contracting and agreeing to convey to said attorneys one-half of their interest in said land."

Whatever right this gave them, it is plain it is conditioned upon the rights of the Indian plaintiffs. Here again the Snell-Canard Case settles the question raised against the plaintiffs' contention. The language used is as follows:

"It is contended by the defendants in error, Rowe, Phillips & Douglas, that their right as third parties intervenes between the time of the execution of the deed and the approval of th county court, and for that reason the approval could not in any manner affect their rights. The only rights which these parties had was under an attorney's contract executed by Sallie Canard which provided that they should receive 50 per cent. of the value of the lands in the event of recovery. It thus appears that the interpleaders had no right in the event the recovery was not had by Sallie Canard. and, the approval of the county court relating back and becoming effective as of the date of the deed and it becoming impossible for Sallie Canard to recover. the attorneys have no right under that contract."

Plaintiffs cite the case of Canfield v. Jack, 78 Okla. 127, 188 Pac. 1040, in support of their contention that their contract was made before any valid approval of defendant's deed in McIntosh county, but the holding of the Canard Case that the approval relates back to the date of the deed, which in this case was before the contract was made, is against the contention of plaintiffs.

For the reasons above stated, we think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

---

On Petition for Rehearing.

It appears that at the time the foregoing opinion was written the case of Sperry Oil & Gas Company v. Chisholm, supra, was pending on appeal from the Circuit Court of Appeals in the Supreme Court of the United States, and about the time the petition for rehearing was filed the Supreme Court of the United States handed down an opinion in said cause (264 U. S. 488) reversing the Circuit Court of Appeals, and, while the particular question involved in the case at bar was not in that case, the decision holds, in substance, that any and all acts required by the Legislature and Constitution of this state which in any way restrict, enlarge or interfere with the policy of Congress in providing for disposal of restricted Indian lands are void wherever in conflict with the acts of Congress. And so, the case as disposed of by the Supreme Court of the United States, in general, is in favor of the defendant's contention and supports the opinion above rendered.